### VERNON STEWART V. THE STATE.

No. 1415.   Decided February 16, 1898.

**1. Drunkenness—Opinion Evidence.**

Drunkenness may be proved by the opinion of witnesses.

**2. Same—Charge.**

On a trial for being drunk in a public place, the court is not required to give an instruction defining drunkenness.

**3. Motion to Retax Costs.**

On a motion to retax costs, where no notice of the motion had been served upon witnesses, the court properly refused to consider the motion as to items of costs to witnesses, and correctly considered only such matters involved in the motion as appeared of record.

**4. Costs—Witness Fees.**

To entitle a witness to recover his fees as part of the costs in the case, he must have been subpoenaed or attached in the case, and must prove up his attendance by an affidavit in writing. Code Crim. Proc., art. 1139. It is not sufficient that the clerk swore the witnesses verbally.

**5. Motion to Retax Costs—Practice.**

On a motion to retax costs, the court should hear evidence, and the evidence adduced on the motion should accompany the record on appeal, or be embodied in a bill of exceptions to bring the matter intelligently before the appellate court.

APPEAL from the County Court of Ellis. Tried below before Hon. J. C. SMITH, County Judge.

Appeal from a conviction for being drunk in a public place; penalty, a fine of $10.

*E. P. Anderson,* for appellant.

*Mann Trice,* Assistant Attorney-General, for the State.

DAVIDSON, JUDGE.—Appellant was convicted of being drunk in a public place, and his punishment assessed at a fine of $10; hence this appeal.

He requested a charge to the effect that drunkenness could not be proved by the opinions of witnesses, which charge was refused by the court, and this he assigns as error. This is a matter that can be thus proved. The opinion of an ordinary witness as to whether a certain person is sober is admissible. See Laws. Exp. and Op. Ev., p. 473, and authorities there cited. Aside from this, we have the defendant's confession that he was drunk. We do not think it was required of the court to give the instruction defining drunkenness. On the proof, the charge requested was not pertinent, as appellant had no duties to perform, and the testimony was of such a character as to authorize the jury to pass on this question without any special charge on the subject. We think the evidence sufficiently established appellant's intoxication. His acts and conduct at the schoolhouse during the public gathering, and afterwards, and his confessions made the next day, as testified to by two witnesses, established the fact of his intoxication beyond a reasonable doubt.

Appellant filed a motion to retax the costs in this case. The court, in certifying the bill of exceptions as to his action in this connection, states that the motion was not served upon the witnesses to be affected, and so he took no cognizance except as to such matters as appeared of record. In this action we think the court was correct. See Penal Code 1895, art. 1076. The court also states that the clerk only swore the witnesses verbally when they attempted to prove up their attendance, and did not take their affidavits in writing, except on October 4th, as shown by said affidavit. Of course, if the witnesses did not prove up their attendance by an affidavit in writing, as required by article 1139, Penal Code, then they were not entitled to fees for attendance, nor was any witness en-

titled to fees for attendance unless he had been subpoenaed or attached in this particular case; but the bill of exceptions is in such condition that we can not revise any action of the court in this matter, for the bill itself does not embody such evidence as would enable us to review the action of the court. On a motion of this character, the court should hear evidence, and the evidence adduced on the hearing of the motion should accompany the record, or this evidence should be embodied in the bill of exceptions itself, properly authenticated, so as to enable this court to intelligently review the action of the court. As stated before, the bill of exceptions is not in such condition that we can say the court committed any error in refusing to retax the costs, further than was done. The judgment is affirmed.

*Affirmed.*