## HENSON v. WARREN et ux. (No. 1701.)

(Court of Civil Appeals of Texas. El Paso. June 4, 1925.)

**1. Evidence ⬅477(2) — Nonexpert witnesses may testify as to state of person's health.**

In action for personal injuries sustained in automobile collision, where injured wife's husband and another witness testified as to injured's health before and after accident, such testimony was admissible under rule that nonexpert testimony is admissible as to state of person's health.

**2. Evidence ⬅478(3)—Testimony of witness as to seeing defendant intoxicated at time of accident held competent.**

In an action for personal injuries sustained in automobile collision, testimony of witnesses that they saw defendant at time of accident, and that he was intoxicated, was competent.

**3. Trial ⬅352(5)—Requested issue held properly refused as assuming that plaintiff failed to slow down his car.**

In an action for personal injuries sustained in automobile collision, submission of question whether plaintiff was negligent in failing to slow his car down to 15 miles per hour, was properly refused as assuming that plaintiff did fail to so slow down his car.

**4. Highways ⬅184(4)—Requested instruction not reasonably susceptible of construction that plaintiff was attempting to pass at greater speed than permitted by law.**

In an action for personal injuries sustained in automobile collision, a requested instruction that statute makes failure of passing vehicles to slow down to 15 miles per hour negligence, and submitting question of plaintiff's negligence in failing to slow down his speed to 15 miles per hour, *held* properly refused, as either answer to question was not reasonably susceptible of construction that plaintiff was

attempting to pass at a greater rate of speed than permitted by law.

Appeal from District Court, Eastland County; E. A. Hill, Judge.

Action by Earney Warren- and his wife against B. A. Henson. Judgment for plaintiffs, and from overruling of motions for new trial, defendant appeals. Affirmed.

J. R. Stubblefield and R. L. Rust, both of Eastland, for appellant.

Scott, Brelsford, Ferrell & Brelsford, of Eastland, for appellees.

WALTHALL, J. Earney Warren and wife, Lottie Warren, appellees, brought this suit against B. A. Henson, appellant, for damages for personal injuries alleged to have been sustained by Lottie Warren on account of the alleged negligence of Henson in the operation of his automobile on a public highway in passing their automobile, resulting in a collision of the two automobiles, causing the injuries complained of. The appellant answered by general denial, negligence on the part of appellees, and filed a cross-action alleging damages to his car by reason of said negligence. The case was tried with a jury and submitted upon special issues. The issues submitted sufficiently indicate the issues tendered by the pleadings and upon which evidence was offered.

Upon the issues submitted the jury found, substantially, the following:

(1). Henson negligently and carelessly operated his automobile at or near the place and on or about the time alleged in the petition by running his car to the left of the middle of the road, and failed to keep to the right-hand side of the road in passing Warren's car.

(2) Warren was not guilty of contributory negligence.

(3) Mrs. Lottie Warren suffered physical injuries by reason of such collision.

(4) Mrs. Lottie Warren suffered injuries to her person in the particulars submitted, the injuries suffered resulting in the conditions to her person as submitted, and resulting in the impairment of her general health.

(5) The sum of $700 would reasonably compensate her for the personal injuries sustained.

(6) It was reasonably necessary for Earney Warren to employ the services of a physician, and purchase medicines in the care of his wife, Lottie Warren, and that the value of the medical services and medicine reasonably incurred for such purposes was the sum of $50.

(7) The jury found that no damage resulted to Warren as the result of loss to him by reason of being deprived of his wife's assistance and the value of her services in her household affairs as the result of her injuries and ill health.

On special issues submitted at the request of appellant the jury found:

(1) At the time and place of the alleged injury, Warren was not driving his car at a speed in excess of 25 miles per hour.

(2) Warren did not fail to operate his car in a careful and prudent manner at the time and place of the accident.

(3) At the time and place of the injury, Warren did not operate the car in which he was riding at a greater rate of speed than was reasonable and proper, having regard to the traffic and use of the highway.

(4) At the time of the injury, Warren did not operate or attempt to pass the automobile in which Henson was riding at such rate of speed as to endanger the life or limb "of any person, or the safety of any property."

On the findings of the jury the court rendered judgment in favor of Warren for $50, and in favor of Lottie Warren for $700, and that Warren take nothing by reason of his suit for damages resulting to him by reason of his being deprived of the assistance of Lottie Warren and the value of her services in the household affairs, and against Henson on his cross-action.

The court overruled appellant's original and amended motions for a new trial, to which appellant duly excepted and gave notice and duly perfected his appeal.

Opinion.

Earney Warren was permitted to testify that his wife was in good health before the accident, and as to her ability to work and care for her home, and that after the accident she was not able to do her housework. Mrs. Elder was permitted to testify that prior to the injury Mrs. Warren was in apparently fine health, and that subsequent to the injury she had the appearance of being in bad health. To the evidence appellant objected on the ground that the witnesses were not expert witnesses and their evidence was only the expression of an opinion.

[1] Similar objections are made to similar evidence of other witnesses. The rule is well settled that the testimony of a nonexpert witness is admissible as to the state of a person's health. Pecos & N. T. Ry. Co. v. Coffman, 56 Tex. Civ. App. 472, 121 S. W. 218, and cases there cited; St. Louis & S. F. R. Co. v. Boyer et al., 44 Tex. Civ. App. 311, 97 S. W. 1070; Cunningham v. Neal, 49 Tex. Civ. App. 613, 109 S. W. 455.

[2] Several witnesses were permitted to testify that they saw Henson at and about the time of the accident causing the injuries to Lottie Warren, and that Henson was intoxicated. Such evidence is competent. Haag v. State, 87 Tex. Cr. R. 604, 223 S. W. 472; Stewart v. State, 38 Tex. Cr. R. 627, 44 S. W. 505; Cunningham v. Neal, supra.

[3, 4] Appellant submitted requested in-

struction as follows: After instructing the jury that the statute provides that motor vehicles in passing each other on the highway shall slow down to 15 miles per hour, and that a failure to do so would constitute negligence, the following question was submitted:

"Was the plaintiff guilty of negligence at the time of the alleged injury in failing to slow down his speed to 15 miles per hour? Answer 'yes' or 'no.'

The charge assumes that plaintiff failed to slow down his speed to 15 miles per hour, and for that reason the charge should not have been given. Again, we think the answer not reasonably susceptible of the construction that plaintiff was attempting to pass at a greater rate of speed than permitted by law, and for that reason was not an issue in the case.

Appellant submits several propositions which we have not discussed, some submitting criticisms to charges given, some complaining of the refusal of the court to give requested charges, and others complaining of the admission of evidence. We have carefully reviewed the several matters embraced in the propositions and believe they are without merit, and overrule them.

We have found no reversible error in the record, and the case is affirmed.