### WESTERN UNION TELEGRAPH CO. v. STONE. (No. 1875.)

(Court of Civil Appeals of Texas. El Paso April 15, 1926. Rehearing Denied May 6, 1926.)

1. **Telegraphs and telephones** ☞73(4)—**Sender's contributory negligence in addressing message held for jury.**

Sender of message *held* not contributorily negligent as matter of law in addressing it to "Mrs. Net Stone" instead of "Mrs. Nettie Stone," and in failing to address it in care of sendee's two sons, who were well known at point of delivery, with one of whom she lived, and which fact was known to sender.

2. **Telegraphs and telephones** ☞66(3)—**Testimony that if telegram had been promptly delivered plaintiff would have left by automobile and reached destination 300 miles away held admissible.**

In action for damages for failure to promptly deliver death message, testimony of plaintiff that if telegram had been promptly delivered to her on afternoon of its arrival would have left for funeral of deceased in a Ford car if it was impracticable to reach there by train in time, and would have traveled in car constantly until she reached her destination, which was about 300 miles, *held* admissible on issue of damages, as against objection that such method of travel was not so usual and established as could reasonably have been within contemplation of parties.

3. **Evidence** ☞5(2)—**It is common knowledge that Ford car in 1923 was recognized method of transportation in Texas, and that, barring accidents, it was fully capable of making 300 miles in 20 hours.**

It is a matter of common knowledge that in 1923 and for some years prior thereto the Ford car was recognized in Texas as an established, usual, and favorite method of transportation, and that, barring accidents and undue heating of the motor, it was fully capable of making 300 miles in 20 hours, even if much of the road was unpaved and must be traveled at night.

4. **Evidence** ☞5(2).

Mastery which Ford car possesses over bad roads, and ability to reach its destination under adverse conditions, is matter of common knowledge.

5. **Telegraphs and telephones** ☞71.

$750 damages for failure to deliver death message *held* not excessive.

Appeal from District Court, Jones County; Bruce W. Bryant, Judge.

Action by Mrs. Nettie Stone against the Western Union Telegraph Company. Judgment for plaintiff, and defendant appeals. Affirmed.

Wagstaff, Harwell & Wagstaff, of Abilene, for appellant.

Brooks, Smith & Robinson, of Anson, for appellee.

HIGGINS, J. Mrs. Nettie Stone, appellee, lived in Anson, Tex. Her brother, Will Frances, lived in Nacogdoches, Tex. On November 22, 1923, Charles C. Frances sent a telegram from Nacogdoches to appellee which, as delivered, reads:

"Nacogdoches, Texas, 5:09 p. m.
"November 22, 1923.
"Mrs. Net Stone, Anson, Texas.
"Will can't live but few hours.
"Charles C. Frances. 5:30 p. m."

This telegram reached Anson at 5:30 p. m., November 22, 1923. Will Frances died a short time after the telegram was sent, and was buried at Nacogdoches the afternoon of November 23d at about 4 o'clock. The telegram was not delivered to Mrs. Stone until about 10:30 a. m. on the 23d. She brought this suit to recover damages for alleged negligent delay in the delivery of the message whereby she was deprived of the opportunity of attending the funeral. All issues submitted were found in her favor, and damages assessed at $750. Judgment was rendered in her favor for said sum.

[1] It is asserted the sender of the message was guilty of contributory negligence as a matter of law in addressing the same to Mrs. Net Stone instead of Mrs. Nettie Stone; also in failing to address the same in care of her two sons, who were well known in Anson, with one of whom she lived, and which was known to the sender. No authority to this effect is cited. The contention is untenable. Furthermore, the sender of the message testified that in the original telegram as delivered to defendant Mrs. Stone's name was spelled "Mrs. Nettie Stone."

[2] Mrs. Stone testified that if the message had been promptly delivered to her on the afternoon of its arrival in Anson she would have left for Nacogdoches with one of her sons in a Ford car, if it was impracticable to reach there by train in time, and would have traveled in the car constantly until they reached their destination, which was about 300 miles. The son testified to the same effect. Error is assigned to the admission of this evidence and the refusal of an instruction to find for defendant.

The ground of the objection to the evidence and the reason advanced in support of the requested instruction is that Mrs. Stone could not have reached Nacogdoches in time for the funeral traveling by train, and travel by au-

tomobile a distance of 300 miles in 20 hours over roads in part unpaved and in part during the night to attend a funeral is not such an established and usual mode of travel as could reasonably have been within the contemplation of the parties to the telegram, hence damages for her failure to make the trip in that way and be present at the funeral are not recoverable.

We cannot assent to the view that travel by a Ford automobile was not, in 1923, an established and usual mode of travel in this state. Appellees' counsel in their brief have ably defended the Ford car against the reflection upon it implied by the assertion that it is not an established and usual mode of travel in this state.

[3, 4] These assignments need not be discussed at length. A few observations will dispose of same and vindicate the Ford. It is a matter of common and general knowledge of which we may take judicial notice that in 1923, and for some years prior thereto, Mr. Ford's car was recognized in Texas as an established, usual, and favorite method of transportation; that, barring accidents and undue heating of the motor, it is fully capable of making 300 miles in 20 hours, even if much of the road be unpaved and must be traveled at night. The mastery which this car possesses over bad roads and ability to reach its destination under adverse conditions are also matters of common knowledge. In view of these well-known facts it cannot be asserted that appellant could not reasonably have anticipated at the time the message was accepted that upon receipt of same appellee would proceed by automobile to Nacogdoches to attend the funeral of her brother, whose death in a few hours was forecast by the telegram.

[5] The verdict of $750 is not excessive, and the argument of counsel of which complaint is made is not reversible error.

Affirmed.