CHARLIE MOLLOY v. THE STATE.

No. 11886. Delivered June 23, 1928.
Rehearing granted January 30, 1929.
Rehearing denied State March 20, 1929.

The opinion states the case.

*Hartgraves & Swain* of Menard, for appellant.

*A. A. Dawson* of Canton, State's Attorney, for the State.

LATTIMORE, JUDGE.—Conviction for resisting an officer, punishment, a fine of $100.00.

Appellant's first bill of exceptions complains that a witness was permitted to answer a question "What was his condition at that time with reference to being drunk or sober?" The objection was that witness had not qualified and did not show that he knew the differ-

ence between being drunk and being under the influence of intoxicating liquor. The objection was overruled and the witness testified that he thought appellant was drunk. Stewart v. State, 38 Tex. Cr. R. 627. We see no error in this. Substantially the same complaint appears in bills of exception Nos. 2, 3 and 5.

Bill No. 4 complains of the action of the trial court in sustaining the State's objection to a question propounded to the officer, resistance of whose effort to arrest appellant seems to be the State's case. Appellant wanted to have said witness testify that prior to the time of trial he, appellant, had been arraigned in the justice court on a charge of disturbing the peace, and that the complaint upon which he was tried was signed and sworn to by the witness, and that the charge in the complaint was for conduct arising out of the same facts and transactions as in this case, and that the defendant was tried and acquitted on said charges. We fail to see the materiality of this testimony, and are of opinion that the court correctly sustained the objection.

There is complaint made in bill of exceptions No. 6 of argument made by the prosecution in effect asking the jury to stand by their officers who were protecting the lives and property of the citizens while they sleep, and urging the jury to uphold the officers in the enforcement of the law, because crime is on the increase and the only way to stop it is to convict those charged, that some crime is in the paper every day, and if we do not uphold the officers we might as well quit. As we understand this bill the court instructed the jury not to consider the argument. There appears in the record no written instruction asked by appellant to that effect. We do not deem the argument of such injurious effect as to render it incapable of being remedied by the instruction. There is complaint further of an argument of the State's prosecutor in effect that the jury need not be afraid of any suits being brought against the sheriff or his bondsmen because of the acts of his deputy sheriff Brandon, in connection with this case. Defiance of defendant's attorneys to bring suit against them, or for any lawyer in Texas to bring such suit, was. presented in the argument. We find in the record no request in writing that the court instruct the jury not to consider such remarks. It did not relate to the criminality of the accused. We do not quite comprehend how it can be believed to have been material either way.

The testimony in the case was conflicting, but that of the State seems to sufficiently support the proposition that appellant was drunk

in the town of Eden and resisted arrest when attempted by a deputy sheriff, and that he made an assault upon said officer.

Finding no error in the record, the judgment will be affirmed.

*Affirmed.*

### ON MOTION FOR REHEARING.

HAWKINS, JUDGE.—Appellant complains that we erred in our original opinion by grouping bill of exception number five with bills two and three, when in fact bill number five related to an entirely different matter. Appellant is correct. The bill in question shows that after a witness for the state had testified that he could tell appellant "had had several drinks of whiskey and was drunk" he was asked on cross-examination to explain "what he meant by appellant being drunk, whether he was entirely under the influence of intoxicating liquor and drunk, or whether he was drinking and only partially under the influence of intoxicating liquor." State's counsel objected on the grounds that the question had been answered, that the witness had said he was drunk and that the question last asked was irrelevant. At this point the court made the following remark: "I think this has already been threshed out. It seems to the court that you are too technical about the trial of the case and the introduction of evidence and that you are trying to split hairs too much." Immediately upon the court making this remark the attorney representing the state said "Your honor is right, they are trying to be too technical and if you will rule with us about twice we will get away from all that foolishness and try the defendant according to the law, common sense and in accordance to justice." Appellant excepted to both the statement of counsel and the court and requested the court to instruct the jury not to consider either statement. The court did instruct the jury not to consider remarks of counsel for the state, but did not include in such instruction his own remark. However, the court then overruled the state's objection to the question and the witness answered as follows: "As to whether he was drunk, or only drinking, and partially under the influence of intoxicating liquor, will state I considered him pretty full." The remark of the trial judge may have been unfortunate but in view of the fact that the court overruled the state's objection and permitted the witness to answer the question the matter seems trivial and would not justify a reversal.

Appellant urges that we were in error in our original opinion in holding immaterial the evidence rejection of which is complained of in bill of exception number four. We may have misapprehended

the purpose for which the evidence was offered. Its materiality will not be apparent without a résumé of the facts. Brandon, the officer, claimed that appellant was drunk, was cursing and using loud and boisterous language. Brandon is not supported by any testimony other than his own that appellant was disturbing the peace prior to his arrest. As to whether he was drunk the evidence is conflicting but would support a finding that he was drunk in a public place on the streets of Eden in Concho County, and that Brandon had the right to arrest him. The case, however, does not turn upon the right to arrest, but upon the conduct of the parties after the arrest. Brandon's story about it is as follows: That observing appellant was drunk he advised him to go home and that appellant replied he would do as he damn pleased about it; that after telephoning to the city marshal Brandon came back on the street and arrested appellant, when Jess Woods "started to interfere," whereupon Woods was also arrested; (Brandon does not say in what way Woods attempted to interfere) Brandon then started down the street with appellant and Woods, when Forrest Lumbley attacked the officer from behind; that when Brandon turned toward Lumbley appellant attacked Brandon from behind, choking and striking him; that at this point Brandon drew his pistol and knocked Lumbley loose and then struck back over his shoulder with the pistol and knocked appellant loose. Brandon admits that although there was a magistrate in Eden and also one at Paint Rock, the county seat of Concho County, he did not take appellant and Lumbley before a magistrate at either place nor give them an opportunity to make bond, but took both of them to Ballinger in Runnels County and placed them in jail. No witness supports the officer in his claim that appellant struck or attacked him in any way. Jess Woods' account of the matter is that when Brandon arrested appellant he (Brandon) said he was going to take appellant to Ballinger and that he (Woods) asked the officer what he had against appellant, and appellant asked the officer if a citizen did not have a right to make bond in a misdemeanor case and stopped as if to discuss the matter with Brandon, whereupon the officer drew his pistol and struck appellant. This is also appellant's account of the matter. All other witnesses who were in a position to see and know what happened testify that at the time the officer told appellant to go home appellant made no reply whatever, and denied that he was cursing or in any other way disturbing the peace, but some of them said he was under the influence of liquor. After Brandon admitted upon the trial that he did not give appellant an

opportunity to make bond either at Eden or Paint Rock but carried him to Ballinger and placed him in jail, and also admitted that he had sworn to the complaint on which appellant was then being tried and also to another complaint charging appellant with drunkenness, he was asked if prior to swearing to the two complaints last referred to appellant had not been arraigned in justice court at Eden, Texas, on a charge of disturbing the peace and that the complaint upon which he was tried was signed and sworn to by the officer and that he was also the prosecuting witness and that the charge in that complaint was for conduct arising out of the same transaction as the case then on trial, and that defendant was tried and acquitted on that charge, and if after such acquittal Brandon did not then come to Paint Rock and file two more charges against appellant in the county court growing out of the same transaction. State's counsel objected to the question on the ground that it was immaterial and had no bearing on the case. Upon inquiry from the court as to the purpose of the proposed evidence defendant's counsel stated that it was desired for the purpose of showing "animus, prejudice and ill-will on the part of the witness Brandon against this defendant and to further show a motive on his part in testifying against defendant and he was doing so in order to protect himself." The objection interposed by the state was sustained and the evidence rejected. Appellant and the other witnesses who claimed to know anything about the facts (other than Brandon) deny that appellant was disturbing the peace or ever struck the officer or offered him violence in any way. It is admitted that Brandon struck appellant with a pistol. It was evidently appellant's theory that the prosecution was being urged by the officer unjustly prompted by an improper motive, either of animus or to justify the officer in having struck appellant. There was conflict in the testimony and it was for the jury to determine such matters and the weight to be given the testimony of the various witnesses. We have reached the conclusion that appellant's contention should be sustained that the jury had a right to know in connection with the other facts that the officer had filed a prosecution against appellant in the justice court at Eden for disturbing the peace and that not until acquittal resulted had he instituted the prosecutions in the county court (one of which was the present case) in order that the jury might consider such action of the officer in determining the weight to be given his testimony upon the vital point of conflict in the evidence. The animus, motive, or ill-will of a prosecuting witness who testifies to facts hurtful to accused is never

a collateral or irrelevant inquiry. Branch's Ann. Tex. P. C., Sec. 163 for authorities. See also Edwards v. State, 172 S. W. 227; Pope v. State, 143 S. W. 611.

Believing we were in error in holding immaterial the proffered evidence under the facts of the present case, the motion for rehearing is granted, the judgment of affirmance set aside, and the judgment of the trial court is reversed and the cause remanded.

*Reversed and remanded.*

### ON STATE'S MOTION FOR REHEARING.

CHRISTIAN, JUDGE.—The state contends that the action of the court in excluding the evidence upon which a reversal was' predicated constituted harmless error, it being asserted that substantially the same evidence was later given by the same witness without objection. It is stated in the motion: "Immediately following this rejection of testimony the appellant was permitted to prove and did prove that the prosecuting witness, M. B. Brandon,. did swear out complaints against appellant in justice court for disturbing the peace and in the county court upon the present charge." The record fails to sustain the state's contention. Relative to complaints filed against appellant by the prosecuting witness the only testimony in the record on the point was given by the prosecuting witness himself. He said: "I swore out a complaint in this case. I also swore to the complaint in another case now pending in this court wherein he is charged with being drunk in a public place which is based on the same state of facts that this one is." The fact that it was shown that two complaints had been filed in the county court by the prosecuting witness against appellant on charges growing out of the same transaction was not in substance or effect equivalent to evidence that following an acquittal in the justice court upon a complaint filed by the prosecuting witness charging appellant with disturbing the peace two complaints were filed in the county court by the same witness. We deem it unnecessary to reiterate the views contained in the opinion on appellant's motion for rehearing. The record failing to sustain the state's contention, we express the opinion that an affirmance of the judgment of conviction would not be warranted.

The motion for rehearing is overruled.

*Overruled.*

The foregoing opinion of the Commission of Appeals has been examined by the Judges of the Court of Criminal Appeals and approved by the Court.