## SPEARS v. STATE. (No. 12543.)

Court of Criminal Appeals of Texas. June 5, 1929.

Rehearing Denied Oct. 30, 1929.

Wear, Stollenwerck & Wear, of Hillsboro, for appellant.

A. A. Dawson, State's Atty., of Austin, for the State.

MARTIN, J. Offense, driving motor vehicle upon a public highway while intoxicated; penalty, 60 days in the county jail.

The state's only witness against appellant was a young lady with whom he was riding on the occasion in question. She testified without objection that they traveled the Waco highway between West and Hillsboro. She further testified that "Tommie * * * was drunk before he got back to Hillsboro."

■■ Objection was made to her testimony that the road on which they drove after returning to Hillsboro to Lee's Camp Ground was a public highway. The state had already made its proof of the commission of the offense alleged on the Waco highway, and the testimony objected to apparently constituted a part of this continuous transaction, and tended to prove the allegations of the indictment. The drive to Lee's Camp Ground was so related in point of time and place to the transaction testified to without objection and apparently relied on for a conviction as to make it admissible. Under these circumstances it seems immaterial whether she testified it was a public highway, as it related to an ancillary matter.

■ One of the chief points relied on for reversal presented by many bills of exception is that the court erred in permitting the state's only witness, Lillie May Amburn, to testify that appellant was drunk on the occasion in question. It seems to be appellant's contention that this witness was not an expert, not in possession of sufficient facts, and in no position to know whether or not appellant was drunk. The record shows that she rode from Hillsboro to West and returned in the car with him; that they drank Jamacia ginger and beer together. She further testified: "I got in his lap after we got back from West. I had my arm around his neck. When I was sitting in his lap I had my left side to him. I did not have my right arm around his neck. I don't know where I had my right arm. We absolutely were not necking. That was the first time I had ever been with him." The rule has been long established that a witness may testify to an opinion that another was drunk. Stewart v. State, 38 Tex. Cr. R. 627, 44 S. W. 505; Pace v. State (Tex. Cr. App.) 79 S. W. 532; Duke v. State, 61 Tex. Cr. R. 443, 134 S. W. 705. The facts are "overwhelmingly sufficient" to show that the witness was in such "close juxtaposition to the main fact sought to be proved" to enable her to be in possession of a rare collection of facts upon which to base an opinion.

■ It is insisted that there was no proof of the allegation that appellant drove a "motor vehicle." The record shows that, while she occupied the exhilerating position above

mentioned, she referred to the vehicle as an "automobile." Under other circumstances she referred to it as a "car." In the light of the above facts, the discrepancy is neither surprising nor important. It further appears that during the occurrence above detailed a perverse Chevrolet in which they rode sputtered and went in the ditch. Here the curtain falls upon the enamored scene, but enough is revealed, we think, to show that appellant drove a "motor vehicle" on the occasion in question. We judicially know that an automobile is a motor vehicle.

A brief of twenty-five pages is on file, which shows commendable industry. Many propositions are asserted, but no authorities are cited. We do not feel called upon to discuss all these. They have been carefully examined, and are believed to be without merit.

The judgment is affirmed.

PER CURIAM. The foregoing opinion of the Commission of Appeals has been examined by the judges of the Court of Criminal Appeals and approved by the court.

On Motion for Rehearing.

LATTIMORE, J. We have carefully examined appellant's motion for rehearing and considered same in conjunction with the able oral argument in support thereof. We have again examined the record, and are of opinion that it fully shows appellant to have operated a "car" at a time when he was intoxicated. Western Union Tel. Co. v. Stone (Tex. Civ. App.) 283 S. W. 259. We think this meets the requirements of the statute forbidding the driving of a motor vehicle upon a public highway while in a state of intoxication.

The motion for rehearing will be overruled.