## C. C. YORK v. THE STATE.

No. 12732.    Delivered November 27, 1929.
Rehearing denied January 1, 1930.

The opinion states the case.

*H. R. Bishop* of Fort Worth, for the appellant.

*A. A. Dawson* of Canton, State's Attorney, for the State.

MORROW, PRESIDING JUDGE.—Unlawfully transporting intoxicating liquor is the offense; punishment fixed at confinement in the penitentiary for a period of one year.

Campbell, the officer who made the arrest, testified that after watching the appellant drive his car to his home, he waited for some time until the appellant returned. He was followed by the officer, and when he stopped, the officer drove his car alongside that of the appellant. He was told by the officer that he understood that a good deal of liquor was being hauled by the appellant, and said to him: "Will you open your car back here and let me see what you have?" No reply was made but the appellant got out of his car and

opened the back of it. When the appellant got out of his car he left his overcoat lying upon the front seat. The officer then observed partly covered by the overcoat a half gallon jar of whisky on the seat of the car. He picked up the jar and after doing so, moved the overcoat and found two more half-gallon jars lying under it. Chester, another officer, was there at the time. Campbell did not look in the back end of the car at all. Chester gave testimony similar to that of the witness Campbell. The appellant introduced no testimony.

The officers possessed no search warrant. A bill of exceptions challenges the correctness of the ruling of the court in admitting the testimony of the officers to the facts stated above, namely, that they found whisky in the car under the circumstances stated. In support of his claim that the testimony was inadmissible, the cases of McPherson v. State, 300 S. W. 936, and Chapin v. State, 296 S. W. 1095, are cited. These cases give effect to the statutory inhibition against the receipt of evidence where the search of an automobile is made without a search warrant or without probable cause. Apparently they have no application in the present instance for the reason that the officers made no search, but the bottles of whisky in the appellant's car were in view of the officers without a search. See Rochelle v. State, 107 Tex. Cr. R. 79, and other cases collated in Mason v. State, 111 Tex. Cr. R. 493.

In the brief complaint is made of the court's ruling in overruling the application for a continuance to secure the testimony of the wife of the appellant. However, the complaint is not in a condition for review as it is not presented by a bill of exceptions. The necessity for a bill of exceptions to present for review the refusal of the court to grant an application for a continuance has been affirmed by this court from the beginning of its history. See Nelson v. State, 1 Tex. Cr. App. 44, and numerous cases collated by Mr. Branch in his Ann. Tex. P. C., sec. 304. Many later cases might be cited to the same effect.

The judgment is affirmed.

*Affirmed.*

### ON MOTION FOR REHEARING.

LATTIMORE, JUDGE.—Appellant contends that our affirmance was based upon what we found in the statement of facts, and that we should have been controlled by what was stated in the bill of exceptions. An examination of bill of exceptions No. 2 reveals the fact that it contains the testimony of Mr. Campbell as follows: "I

saw whisky when he got out of the car, on the front seat of car and I suppose it was in advance of my request to open up the back." We think the facts stated in the bill of exceptions sufficient to form the basis of the conclusion expressed by us in the original opinion, and the motion for rehearing will be overruled.

*Overruled.*

HAWKINS, J., absent.