ED McCARTY v. THE STATE.

No. 12640. Delivered April 16, 1930.

Reported in 27 S. W. (2d) 189.

The opinion states the case.

*Adams & McAlister* of Nacogdoches, for appellant.

*A. A. Dawson,* State's Attorney, of Austin, for the State.

LATTIMORE, JUDGE.—Conviction for assault to murder; punishment, two years in the penitentiary.

Two cars met on a narrow road, and there was a near-collision; both cars stopped. Ernest Gibson, his brother and his brother's wife were in one car, appellant and two or three other men, in the other. The two Gibsons left their car and went to the other, where shortly a row started apparently engaged in in one way or another by most of the men present. Guns and knives were exhibited and some of them used. In the mêlée Ernest Gibson was hit on the head with a gun apparently in the hands of appellant. The Gibsons insisted that appellant and his friends were the aggressors. Appellant and his party swore that the Gibsons began the difficulty, and further, that George Gibson with an opened knife was advancing upon one of appellant's friends, accompanied and aided by Ernest, at the time appellant struck Ernest with the gun. There is no testimony as to the size or weight of the gun used to strike with.

Appellant proposed to show by outsiders,—persons who were not in either of said cars and not connected with the affray,—that the Gibsons were drunk on the afternoon and night of the occurrence. The State objected and the objection in each instance was sustained on the ground that the question called for the opinion of the witness. The learned trial judge fell into error in this ruling. Molloy v. State, 111 Texas Crim. Rep. 495; Haag v. State, 87 Texas Crim. Rep. 604; Henderson v. State, 49 Texas Crim. Rep. 271; Stewart v. State, 38 Texas Crim. Rep. 627. The issue of

drunkenness vel non was material. It affected the truth of the testimony of the Gibsons bearing directly upon their ability to comprehend and recollect what was said and done. There are several bills of exception presenting the same complaint. The testimony should have been admitted.

There is a bill of exception complaining of the argument of the prosecuting attorney, but as same will not likely occur upon another trial, if one be had, we deem it not necessary to discuss it.

The judgment will be reversed and the cause remanded.

*Reversed and remanded.*