## Tom Jack Lard v. The State.

### No. 4126.   Decided November 18, 1908.

**1.—Murder—State Selects Own Witnesses to Prove its Case.**

Where upon trial for murder the State rested its case without introducing eye-witnesses to the transaction, there was no error. The State can not be

forced to introduce any particular witnesses in the proof of its case; besides defendant introduced the witnesses in question.

### 2.—Same—Evidence—Witness—Moral Turpitude.

Where upon trial for murder the State on cross-examination showed that one of the defendant's witnesses had been convicted of felony some eight years before the trial, and the objection was that this was too remote, yet the testimony of this witness being of an immaterial character there was no error, and the question of remoteness need not be considered.

Appeal from the District Court of Falls.   Tried below before the Hon. Richard I. Munroe.

Appeal from a conviction of manslaughter; penalty, two years imprisonment in the penitentiary.

The opinion states the case.          ○

No brief on file for appellant.

*F. J. McCord,* Assistant Attorney-General, for the State.

BROOKS, JUDGE.—Appellant was convicted of manslaughter and his punishment assessed at two years' confinement in the State penitentiary.

Bill of exceptions No. 1 shows that after the State placed various witnesses on the stand it rested its case. Appellant complains, however, that none of the witnesses were present at the scene of the shooting, nor where they could have seen the shooting or could have heard what was said, and refers to the statement of facts for full testimony of these witnesses; and complains that the court erred in not forcing the State to put Robert Travis and Harry Miles, two eyewitnesses, upon the stand who had seen all that occurred. There was no error in the ruling of the court. The State can not be forced to introduce any particular witnesses in the proof of its case. The proof shows that appellant placed these same witnesses upon the stand himself.

Bill of exceptions No. 2 shows that when Oscar Wright, a witness for appellant, was on the stand, the State sought to prove, and did prove that the said Oscar Wright had been in the penitentiary for murder, sent from Van Zandt County. Appellant objected to the introduction of said testimony on the ground that the same had been more than eighteen years ago, when the witness was a mere boy, and that since said time he had lived a blameless life and the State had no right to go into this old offense for the purpose of impeaching the witness. The bill shows, however, that witness was released from the penitentiary in February following the flood in 1899 or 1900. The trial took place in August, 1908. Even conceding, which we do not, that the testimony was too remote, yet, the record shows that the testimony of the witness, Wright, was of such an immaterial character as not to constitute reversible error.

The charge taken as a whole is a proper presentation of the law applicable to the facts of this case. The evidence, though quite conflicting justifies the verdict of the jury.

Finding no error in the record the judgment is affirmed.

*Affirmed.*