## TIFF JOHNSON v. THE STATE.

No. 4900.  Decided February 13, 1918.

**1.—Vagrancy—Information—Complaint.**

Where neither the complaint nor the information for vagrancy alleged that prohibition was in force or ever had been in the county of prosecution, where the soliciting for orders for intoxicating liquors was alleged to have been done, the same were insufficient under article 635, P. C.

**2.—Same—Charge of Court—Vagrancy.**

Even if the information had been sufficient, the court's charge especially authorizing defendant's conviction for unlawfully soliciting orders for intoxicating liquor without any evidence that prohibition was in force, was reversible error.

**3.—Same—Burden of Proof—Charge of Court.**

Where the charge of the court to the effect that if the jury believed the defendant is not guilty under either count of the indictment, the same was objectionable and placed the burden of proof upon the defendant.

**4.—Same—Evidence—Moral Turpitude.**

Where the defendant's bill of exceptions objecting to testimony that he had before been convicted for bootlegging did not show whether this was a misdemeanor or a felony, there was no reversible error.

Appeal from the County Court of Hill.  Tried below before the Hon. R. T. Burns.

Appeal from a conviction of vagrancy; penalty, a fine of twenty-five dollars.

The opinion states the case.

*Dupree & Crenshaw*, for appellant.—On question of court's charge: Parks v. State, 29 Texas Crim. App., 597; Clubb v. State, 14 id., 192; Ross v. State, 10 id., 455; Pugh v. State, 2 id., 539; Hilliard v. State, 37 Texas, 358; Claunch v. State, 198 S. W. Rep., 307; Sessions v. State, 197 S. W. Rep., 718.

On question of moral turpitude: Haney v. State, 57 Texas Crim. Rep., 158, 122 S. W. Rep., 34; Powell v. State, 60 Texas Crim. Rep., 201, 131 S. W. Rep., 590; Lagow v. State, 197 S. W. Rep., 217.

*E. B. Hendricks*, Assistant Attorney General, for the State.—On question of law being in force: Bain v. State, 76 Texas Crim. Rep., 519, 176 S. W. Rep., 563.

PRENDERGAST, JUDGE.—Appellant prosecutes this appeal from a conviction of vagrancy.

Article 606e, 1 Vernon's Criminal Statutes, makes it an offense for any person to solicit orders for any intoxicating liquors in any territory where prohibition is in force.  Article 635, Penal Code, prescribes that

any person who unlawfully solicits orders for intoxicating liquors is a vagrant. The complaint and information herein, among other things, in one count, alleges that on or about September 1, 1917, and thence continuously to the day of the filing of the information (which was on September 13th), appellant "did then and there unlawfully solicit orders for intoxicating liquors." Neither the complaint nor information alleged that prohibition was in force or ever had been in Hill County, where the soliciting was alleged to have been done.

The only law known to us which makes it unlawful to solicit orders for intoxicating liquors is article 606e, stated above. There was no testimony showing that prohibition was in force in Hill County, even if this could have been proven without alleging it. The court by his charge expressly authorizes appellant's conviction for unlawfully soliciting orders for intoxicating liquors without any evidence that prohibition was in force. Appellant objected to this in various ways and made and saved the point in every particular. The court's charge, therefore, authorizing appellant's conviction on this count was error.

The court's charge to the effect that if the jury believed the defendant is not guilty under either count of the indictment, is objectionable and was properly objected to. This charge, in the language used, rather places the burden upon appellant of proving his innocence.

It is always permissible to impeach a witness by showing that he has been convicted, when not too remote, of any felony or any misdemeanor involving moral turpitude, but it is not permissible to thus impeach any witness by proving his prosecution or conviction of any other misdemeanor. The State was permitted over appellant's objection to prove by him that he had before been convicted for bootlegging. It is always understood that by bootlegging it meant illegally selling intoxicating liquor in prohibition territory. It might, or might not, be a felony in the given territory. Appellant's bill objecting to this does not show whether appellant's conviction was for a misdemeanor or a felony, and hence we can not tell from his bill whether this testimony is admissible or not for impeachment.

Reversed and remanded.          *Reversed and remanded.*