## Davis *v.* Straus.

### Opinion delivered November 29, 1920.

1. JUDGMENT—JURISDICTION OF EQUITY.—A court of chancery can inquire into the orders and proceedings of the probate court only in the manner and upon the same ground that it may investigate the judgments and proceedings of other courts, upon charges of fraud, accident or mistake.

2. EXECUTORS AND ADMINISTRATORS—APPROVAL OF SALE—ATTACK IN CHANCERY.—As the aid of chancery can be invoked in regard to orders of the probate court only on the ground of fraud, accident or mistake, the remedy of appeal being provided for errors and irregularities, an order of the probate court approving an administrator's sale of goods for $28, when it was appraised at $181.55, was not subject to attack in equity.

3. EXECUTORS AND ADMINISTRATORS — ACCOUNTING.—Where the administrator allowed the heirs to take possession of personal property, and they recovered insurance on its destruction by fire, he can not be required to account to them therefor.

Appeal from Garland Chancery Court; *B. H. Randolph*, Special Chancellor; affirmed.

STATEMENT OF FACTS.

Hamp Davis and Florida Davis brought this suit in equity against Gus Straus and others as sureties on the bond of the administrator of the estate of Ella Davis, deceased, to surcharge and falsify said administrator's account, and as grounds therefor allege that said administrator took into his possession certain property of said decedent and failed to account for the same.

Ella Davis died owning two dwelling houses and the furniture therein situated in Hot Springs, Arkansas. Hamp and Florida Davis and two other persons were her sole heirs-at-law. Administration was had upon her estate. The administrator resigned and Chas. Webb. who by virtue of his office as sheriff, was public administrator for Garland County, took charge of the estate and administered it.

The furniture in one of the houses was appraised at $575.85. Florida Davis and Hamp Davis lived in this house and took possession of the furniture. The house and furniture were subsequently destroyed by fire, and the heirs at law of Ella Davis, deceased, including Hamp and Florida Davis, obtained judgment against the insurance company, for the value of the furniture. The furniture in the other house was appraised at $181.55. The administrator took possession of this furniture.

J. H. Breckinridge, a deputy sheriff, attended to the duties pertaining to the administration, for Webb, the sheriff. The property which was inventoried at $181.55, and which was appraised for that amount, was sold by the administrator under orders of the court for $28. The report of sale of the administrator was duly confirmed by the court. The administrator filed his final account current in which he purported to account for all the personal property which came into his hands as administrator, and among the items in his account was the amount for which this personal property sold.

J. H. Breckinridge was a witness for the defendants. According to his testimony, the property, which was appraised at $181.55, consisted mostly of old household furniture which was in reality of but little value and a good deal of it was junk. No appeal was taken from any of the probate proceedings by any of the heirs of Ella Davis, deceased.

Other facts will be stated or referred to in the opinion. The court found the issues in favor of the defendants, and the plaintiffs have appealed.

*R. G. Davies,* for appellants.

There never was a case of worse administration of an estate than this. Property worth at least $1,000 was sold by Lewis for $23. Webb was insolvent, and his bond as sheriff is the only possible means of redress. The terms of the bond cover this liability, and plaintiffs are entitled to justice. The whole proceeding in the probate court and the administration was a fraud, and plaintiffs are entitled to redress.

*Geo. P. Whittington* and *L. E. Sawyer,* for appellees.

Appellants had their day in court and the right to appeal from the order approving the final account. They did not do so, nor even object; if aggrieved, they should have appealed, instead of waiting until Webb was dead. The chancellor was justifiable under the evidence in dismissing the complaint. Appellants knew that Webb was administrator and that Breckinridge was acting for him and that the matter was pending in the probate court. They had access to the records and could have known what orders and judgments were being rendered; they should have objected and appealed. It is too late after Webb's death and after waiting two years.

HART, J. (after stating the facts). The decree of the chancellor was correct. Counsel for the plaintiffs seek to reverse the decree on the ground that the furniture which was inventoried at $181.55, and which was taken possession of by the administrator and sold for $28, was worth considerably more than its appraised value, and that therefore the action of the administrator was fraudulent.

A court of chancery can inquire into the orders and proceedings of the probate court in the manner and upon the same ground that it may investigate the judgments and proceedings of other courts, upon charges of fraud, accident, or mistake. Under our Constitution, the probate court has exclusive original jurisdiction relative to the estates of deceased persons, and its judgments and proceedings in such matters cannot be reviewed or re-

versed in a collateral proceeding in chancery. Ample provisions have been made for appeals from such orders and decrees to the circuit court and Supreme Court for any mere errors and irregularities in the poceedings. The aid of chancery can only be invoked to surcharge and falsify the accounts of the administrator on the ground of fraud, accident, or mistake and to vacate and set aside such orders and damages as have been procured by fraud. *McLeod* v. *Griffis*, 51 Ark. 1; *Nelson* v. *Cowling*, 89 Ark. 334, and *Beckett* v. *Whittington*, 92 Ark. 230. The property, which was appraised at $181.55, was actually taken charge of by the administrator and sold under the orders of the probate court. A report of sale was made by the administrator which was duly approved by the court. The administrator accounted for the proceeds of sale in his final account current which was also confirmed by the court. No appeal was taken by the heirs of Ella Davis, deceased, from these judgments. Hence the matter is *res judicata.*

The record discloses that the furniture in the house which Hamp and Florida Davis lived in was not included in the final settlement of the administrator, and the judgment of the probate court is not conclusive as to it, because that which has not been considered by the probate court can not be said to be adjudicated. The account of the administrator can not be surcharged on this account however, for another reason. The record shows that the administrator allowed Hamp and Florida Davis to take possession of this property, and when it was destroyed by fire, they recovered from the insurance company the value thereof.

It follows that the decree must be affirmed.