LEONARD RICE V. THE STATE.

No. 10232.    Delivered June 9, 1926.

**Manufacture of Intoxicating Liquor — Evidence — Res Gestae — Properly Admitted.**

Where officers approached a still in full operation and found appellant and another man asleep on a pallet near the still, there was no error in permitting the state to prove that on being awakened by the officers the appellant said, "Well, you wouldn't have caught us if that damned dog had have barked like he did last night, for I would have been in the bushes." Such statement was res gestae. and properly admitted. See Coburn v. State, 96 Tex. Crim. Rep. 25, and other cases cited.

Appeal from the District Court of Grayson County. Tried below before the Hon. F. E. Wilcox, Judge.

Appeal from a conviction for manufacturing intoxicating liquor, penalty one year in the penitentiary.

The opinion states the case.

*Reasonover & Reasonover* of Denison, for appellant.

*Sam D. Stinson,* State's Attorney, and *Robert M. Lyles,* Assistant State's Attorney, for the State.

BAKER, JUDGE.—The appellant was convicted in the District Court of Grayson County for unlawfully manufacturing intoxicating liquors, and his punishment assessed at one year in the penitentiary.

The record discloses that the sheriff and his deputy, at night, discovered a still in operation and, upon approaching the scene, found the appellant and one Roy Shives asleep on a pallet

within a few feet of said still. The sheriff, Miles, testified for the state that when he arrived upon the scene of action said Shives remarked, "Well, you fellows have caught us," and requested that they wait until his father came, and that the appellant laughed and said, "Well, you wouldn't have caught us if that damned dog had have barked like he did last night, for I would have been in the bushes."

The record discloses that the appellant failed to testify, or to introduce any evidence in his behalf. We find only one bill of exception in the record, which complains of the action of the court in permitting the state, over the objection of the appellant, to have the witness, Miles, testify that at the time he walked up to where the still was, the appellant laughed and said, "Well, you wouldn't have caught us if that damned dog had have barked like he did last night, for I would have been in the bushes." The appellant contends that said evidence was irrelevant and incompetent. We are of the opinion that the appellant's contention is unsound, and that there was no error in the admission of this testimony, as the same came clearly within the rule of res gestae. Coburn v. State, 96 Tex. Crim. Rep. 25, 255 S. W. 613; White v. State, 278 S. W. 203; Harrison v. State, 278 S. W. 430.

After a careful examination of the entire record, and failing to find any error therein, we are of the opinion that the judgment of the trial court should be affirmed, and it is accordingly so ordered.

*Affirmed.*

The foregoing opinion of the Commission of Appeals has been examined by the Judges of the Court of Criminal Appeals and approved by the Court.