## Sam Green v. The State.

No. 10684. Delivered February 16, 1927.

Rehearing denied March 30, 1927.

**1.—Manufacturing Intoxicating Liquor—Evidence—Res Gestae—Properly Admitted.**

 Where appellant was caught in the act of manufacturing intoxicating liquor, a still in operation, three fifty-gallon barrels of mash standing nearby and a quantity of whiskey on hand, his statement to the officers immediately on being apprehended that they had caught him, and that he was making the whiskey to get money to buy a yoke of steers to farm with, was properly admitted, being a res gestae declaration.

**2.—Same—Impeaching Witness—Bill of Exception—Incomplete.**

 Where appellant complains that a negro doctor introduced by him as a witness, on cross-examination by the state, was permitted to testify that he, the witness, had been convicted in the Federal court and fined for keeping improper records, and the bill does not show whether such offense was not a felony, nor that it was not one involving moral turpitude, we are therefore unable to determine whether the admission of this evidence was error.

**3.—Same—Evidence—Statements of Accused—Under Arrest—Rule Stated.**

It is the well settled rule of evidence in this state that statements made by the accused, after a given transaction is ended, but so near or connected therewith as to be res gestae, would be competent evidence, and that it would be immaterial that the accused was under arrest when he made them. See Branch's Ann. P. C., p. 52, for collation of authorities.

Appeal from the District Court of Washington County. Tried below before the Hon. J. B. Price, Judge.

Appeal from a conviction for manufacturing intoxicating liquor, penalty one year in the penitentiary.

The opinion states the case.

*Searcy & Hodde* of Brenham, for appellant.

*Sam D. Stinson,* State's Attorney, and *Robert M. Lyles,* Assistant State's Attorney, for the State.

LATTIMORE, JUDGE.—Conviction for unlawfully manufacturing intoxicating liquor, punishment one year in the penitentiary.

It is not denied that when arrested appellant was engaged in the manufacture of intoxicating liquor. The officers said they saw him engaged in the act; that a fire was under the still; that there were three 50-gallon barrels of mash standing near by, also a quantity of whiskey in a jug. They further testified that when appellant was arrested he said they had caught him; that he had just finished coloring his whiskey, and that he was making it in order to get money to buy a yoke of steers to farm with. On the trial appellant apparently defended on the theory that he was making the whiskey for use as medicine for his wife. He denied having made the statement to the officers to the effect that he was making same in order to get money to buy a yoke of steers. He introduced a negro doctor who testified that in July or August he told appellant that whiskey would be good for his wife. He gave him no prescription, saying that he had no authority to issue such prescription. He further testified that the reason he told appellant to give his wife whiskey was because she was about to be confined and he thought the whiskey would do her good. Appellant introduced his wife in his behalf and she testified that she had given birth to a child in August, and that before the child was born her husband gave her whiskey. She testified that since the birth of the child she had taken no more whiskey. The date of the find-

ing of appellant engaged in the making of the whiskey was October 24th, or nearly two months after the birth of said child.

Two bills of exception complain of the introduction of the testimony of the sheriff and his deputy as to what appellant said to them at the time of his arrest in regard to his making whiskey for the purpose of getting money to buy steers with. Each bill of exceptions is qualified by the learned trial judge with the statement that it was admitted as part of the res gestae. The bills as qualified were accepted. Appellant now complains that the qualifications are not supported by the statement of facts. We are not inclined to agree with the contention.

The only other bill of exceptions in the record complains of the fact that when the colored doctor was on the witness stand, the state was permitted to ask him on cross-examination if he had not been convicted in the Federal court for dispensing drugs illegally under the narcotic law. Over objection he answered that he had been fined for keeping improper records. The objection was that this was not the best evidence and the offense was a misdemeanor. We have no means of knowing what statute contained the law violated by the witness and are therefore unable to determine either whether it was a felony or an offense involving moral turpitude. The mere fact that it was a misdemeanor would not prevent it from involving moral turpitude, and the fact that the punishment was by a fine would not prevent the offense from being one which, in the alternative, might be a felony. In oral argument appellant raised the question that the conviction inquired about was too remote. There is nothing in the record supporting such contention. No exception was taken to the argument of the state's attorney.

Finding no error in the record, the judgment will be affirmed.

*Affirmed.*

ON MOTION FOR REHEARING.

LATTIMORE, JUDGE.—Appellant again urges that we erred in holding admissible statements made by him to the officers who arrested him, our conclusion being based on the proposition that said statements were res gestae. Appellant insists that he was under arrest when he made the statements and that for this reason same should have been rejected. On page 52 of his Annotated P. C., Mr. Branch cites numerous cases, beginning with Harrison v. State, 20 Tex. Crim. App. 397, all holding that statements made after a given transaction is ended, but so near or connected therewith as to be res gestae, would be competent evidence, and that it would be immaterial that the accused

was under arrest when he made them. The same rule uniformly obtains. Harrison v. State, 278 S. W. 430; Coburn v. State, 225 S. W. 613; White v. State, 278 S. W. 203; Rice v. State, 285 S. W. 321. The officers caught appellant in the act of making and coloring whiskey. The statement made by him was not in response to any pressure or threats, but seemed entirely spontaneous. It was in explanation of what he was doing. We have no doubt of the fact that it was res gestae, and that he was under arrest would not make it inadmissible.

The motion for rehearing is overruled.

*Overruled.*