## JACK TERRY V. STATE.

No. 21523.  Delivered May 7, 1941.
State's Motion for Rehearing Granted June 11, 1941.
Appellant's Motion for Rehearing Overruled October 15, 1941.

The opinion states the case.

*W. R. Parker* and *Otis Rogers,* both of Fort Worth, for appellant.

*Marvin H. Brown, Jr.,* Criminal District Attorney, and *Dayton Moses, M. Hendricks Brown,* and *Stewart Hellman,* Assistant Criminal District Attorneys, all of Fort Worth, and *Lloyd W. Davidson,* State's Attorney, of Austin, for the State, on submission.

HAWKINS, Presiding Judge.

Conviction is for robbery, punishment assessed at five years in the penitentiary.

W. P. Bratcher operated a store in Tarrant County. About 9 o'clock on the night of August 31, 1940, several parties appeared at the store. Guns were exhibited and Mr. Bratcher and his wife were caused to lie down on the floor, and some one hundred sixty-five dollars were taken by the robbers. Mr. Evans, a customer of the store, came in during the holdup and was also robbed. Appellant was identified by Mr. and Mrs. Bratcher and by Mr. Evans as one of the robbers. Appellant did not testify, but through other witnesses raised the issue of an alibi, which was properly submitted to the jury.

Bill of exception No. 1 reflects an error for which the judgment must be reversed. Said bill shows the following occurrence. The defense was an alibi. Appellant placed upon the witness stand his mother, Mrs. L. M. Terry, who gave material testimony for appellant to the effect that at the time the robbery was committed he was at witness' home. On cross-examination the witness was asked if she had ever been indicted for a felony in this State, to which she answered, "Well, you said I had but I didn't know that I had." She was then asked if she had not seen the indictment and the bond she had signed,

and replied, "Yes, sir. I never was arrested; I never was tried and never plead guilty." State's counsel then asked the witness, "Well, you admit that you were indicted for a felony in the federal court about five years ago," to which she answered, "Yes." At this point appellant's attorney said, "Well, let me see, do you know what a felony is?" and the witness answered, "Well, when someone does something wrong, a crime." Counsel for appellant then asked the witness if she knew what a felony was under the law, to which the witness replied that she did not. At this point counsel for appellant interposed objection and asked the court to instruct the jury not to consider any of the witness' answers for any purpose, which the court declined to do, over the exception, as stated to the court that it had not been shown that the indictments inquired about were for felonies or any offense involving moral turpitude.

Of course, the State had the right to show, as affecting the witness' credibility, that she had at a time not too remote been indicted for a felony or for a misdemeanor involving moral turpitude, and could show it by developing the fact upon cross-examination of the witness. However, when it appeared that the witness did not know the legal meaning of a felony it then devolved upon the State, in the face of the objection urged, to bring itself within the rule by showing in some proper manner that the indictments inquired about were for felonies. See 45 Texas Jurisprudence, page 101; Branch's Annotated Texas Penal Code, sec. 167, and cases there cited. The trial court fell into error in not complying with appellant's request to withdraw from the jury the answers of the witness in the absence of a showing that the indictments inquired about were for felonies. It may be that the representatives of the State and perhaps the trial judge were in possession of information which satisfied them that the indictments inquired about really charged felonies, but this court is without advice on the subject and as the incident appears in the record error is presented.

Bill of exception No. 6 shows that appellant, in his motion for new trial, alleged that during the deliberations of the jury they received other evidence than that introduced on the trial and were otherwise guilty of misconduct in particulars specified. After hearing evidence upon the motion the court found against appellant on the averments mentioned, and, we think, correctly so. We do not discuss the question at length as it will not arise upon another trial.

Bill of exception No. 7 brings forward complaint of the language used by the assistant district attorney in his opening argument to the jury, which appellant claims was a reference to his failure to testify as a witness, in violation of the provisions of Article 710, C. C. P. (1925). The language complained of follows: "Defendant rested and still we did not hear from the defendant from the witnesses Mr. and Mrs. Hutcherson." The expression is unusual and without the qualification placed on the bill by the trial judge would be confusing, but the explanation appended to the bill draws a very clear picture of the situation and to what the argument had reference. Mrs. Bratcher had positively identified appellant as one of the robbers. On cross-examination she was asked if a day or two after the robbery at the store she had not told Mr. and Mrs. Hutcherson that the robbery happened so quickly that neither she nor Mr. Bratcher could identify any of the robbers. Mrs. Bratcher replied that she had not made any such statement and that she did not know anybody by the name of Hutcherson. After counsel for appellant asked the witness several other questions on the same subject he requested that Mr. and Mrs. Hutcherson, who were defense witnesses, be brought into the court room, which was done, and they were pointed out to Mrs. Bratcher in the presence of the jury by counsel for appellant and told by him who they were, and Mrs. Bratcher again testified that she did not know them. Appellant rested his case without calling either of the Hutchersons to the witness stand. In rebuttal, the State then did call Mrs. Hutcherson as a witness and she testified that she had never talked to either Mr. Bratcher or Mrs. Bratcher about the case and had never heard either of them say anything about whether or not they were able to identify anybody connected with the case. The trial judge says counsel for the State was reviewing the foregoing situation as to the cross-examination of Mrs. Bratcher and of the incident of Mr. and Mrs. Hutcherson having been brought into the court room and further said in his argument that after they were brought in to be viewed by Mrs. Bratcher "that was the last we had seen of either of them and that defendant rested and still we did not hear from the defendant from the witnesses Mr. and Mrs. Hutcherson," and followed this statement with the argument that if the Bratchers had said any such thing as was indicated by the questions the defense would have put the Hutchersons on the witness stand and let them tell the jury what the Bratchers did say. The trial court further says that he did not sustain appellant's objection to the argument as the bill would indicate, but that he overruled

the objection because he did not consider that said statement was either in the words used or in the reasonable meaning of such words or in the connection in which said statement was made, any reference to the failure of the defendant to take the witness stand and testify. It is apparent that counsel for the State was discussing a matter which occurred in the presence of the jury, about which appellant could know nothing, and about which he could have given no evidence, and there seems not even a remote probability that the jury could have gotten the idea that the remark objected to had any reference to appellant not having testified.

Bills of exception not particularly mentioned are not thought to manifest error.

For the error discussed, as presented in bill of exception No. 1, the judgment is reversed and the cause remanded.

### ON STATE'S MOTION FOR REHEARING.

GRAVES, Judge.

The State has filed a motion for rehearing herein which has given this court much concern, with the strength of which we are much impressed.

We still adhere to our ruling in the original opinion that the answer of the witness Mrs. L. M. Terry evidences error in that it is shown therein that she had no knowledge of what constituted a felony in law, and could not therefore know whether she had been thus charged. But it is insisted that her testimony relative to an alibi for appellant was in itself vague, indefinite and inconclusive; that the same testimony in effect was given by about seven other witnesses, and that other and different impeaching testimony was properly before the jury relative to this same witness.

It is observed that from the testimony appellant attempted to prove an alibi by eight witnesses, most of whom, save one, testified that they saw the appellant at sometime near 8 to 8:30 o'clock P. M., on the night of the alleged robbery at his mother's home; that they saw him again at such home about 11 or 11:30 o'clock of the same night, thus leaving the strong inference that he had remained continuously at such home, and could not have been concerned in this robbery which occurred some miles away from this home. One person, James

George, testified that he was with appellant and they remained at this home all the time between 8 and 11 o'clock. One of the witnesses to the robbery, Mr. Evans, testified, among other things, that he drove up to the store of Mr. Bratcher while the robbery was in progress, and got out of his car; that a man holding something in his hand that he took to be a shot gun ordered him into the store; that this man was Buck Terry who, the testimony shows, was a brother of appellant.

The State again offered impeaching testimony relative to the witness Mrs. L. M. Terry in that it was shown that on this trial she testified that it was about 8:15 when she left appellant in her home, and 11:30 when she returned and found him still there; and also that her son Buck Terry was not at her home when she left on the night of the alleged robbery. The State then offered the transcript of her testimony taken before the grand jury in which it was shown that she said at that time that it was about 6 o'clock when she left her home, and that her son Buck was at home when she left.

In the first place, we do not think the witness Mrs. Terry gave any conclusive testimony relative to an alibi; she merely says she saw appellant at her home about an hour prior to the alleged robbery, and again saw him there about two hours after such robbery, and we are not impressed with the strength of her testimony, especially in view of the testimony of all three persons who were the victims of this robbery when they say that appellant was one of the robbers. He could easily have traversed the ten miles from his home to the scene of the alleged crime in much less time than the interim of the two hours when he was not in his mother's presence.

It is said in 45 Tex. Jur., p. 119:

"That the defendant was not permitted to question a State's witness as to a charge against the witness in the justice court, or as to a past or pending indictment or conviction, does not necessarily require that the judgment of conviction should be reversed; for the importance of the witness' testimony as appearing in the record, must be taken into account. For the same reason, it may be unnecessary to reverse a conviction where the trial court has erroneously allowed the state to show that a witness for the defendant had been convicted of some offense not involving moral turpitude * * * In short, as to whether the case should be reversed depends on whether the ruling was harmless or prejudicial."

See McIntosh v. State, 239 S. W. 622; Lard v. State, 113 S. W. 762; Miller v. State, 150 S. W. 635; Pettis v. State, 47 Tex. Cr. R. 76, 81 S. W. 312; Henderson v. State, 49 Tex. Cr. R. 269, 91 S. W. 569; Tinsley v. State, 52 Tex. Cr. R. 95, 106 S. W. 347; Keeton v. State, 128 S. W. 405; Green v. State, 292 S. W. 244; Copeland v. State, 271 S. W. 91; Johnson v. State, 201 S. W. 177; Fowler v. State, 232 S. W. 515.

We think the testimony of Mrs. Terry was inconclusive and not greatly material in establishing appellant's alibi; and again we think that the further fact that alibi testimony was given by a number of other witnesses of the same character as Mrs. Terry's would not evidence a serious error were the appellant prejudiced in her evidence before the jury because of the attempt to prove the indictment of this witness; and again the further fact that the State presented other and different impeaching testimony relative to this witness, all taken together, convinces us that we were in error in our original opinion wherein we held that bill of exceptions No. 1 presented reversible error, and so believing it becomes our duty to grant the State's motion for a rehearing, and also to notice other claimed errors as shown by the record.

Bill of exceptions No. 2 is rather lengthy, and we are impressed with the correctness of the trial court's ruling that the remark desired to be introduced was clearly hearsay, not a part of the res gestae, and inadmissible.

Bill of exceptions No. 3 is based upon an objection to certain testimony purporting to have been given by Mrs. L. M. Terry before the grand jury of Tarrant County relative to the time she left her home on the evening of the alleged robbery, and as to who was at her home when she left. We think such testimony admissible after she had testified upon her direct examination that she had seen her son, appellant, at her home on such evening at about 8:30 o'clock. It is true that she had refused to either deny or affirm that she had stated to the grand jury that she had left her home on such occasion at 6 o'clock, but did state that she did not remember making such statement, and that she then said as her testimony on this trial that she left her home about 8:30 o'clock on the night of the alleged offense. We think that this statement upon her part was sufficient to allow the State to treat the same as a predicate for her impeachment on this important point in appellant's attempt to prove an alibi. Before appellant would be entitled to

successfully object to the introduction of this material testimony before the grand jury, there should be an unqualified admission upon the witness' part that such a statement had been made before the grand jury. See 45 Tex. Jur., p. 35.

To the same effect as bill No. 3 is bill of exceptions No. 4, and our ruling thereon is the same.

We are also impressed with the fact that the court's charge properly set forth the law applicable to the facts as they appeared herein, and overrule bill of exceptions No. 5 relative to such charge.

In our original opinion we have written on bill of exception No. 6 charging misconduct of the jury, and we adhere to such ruling thereon.

Believing that the matter complained of in our original opinion as error was a harmless one and could not have affected the result of this trial, as attempted to be shown in the beginning of this opinion, the State's motion for a rehearing is granted, the judgment of reversal is set aside, and the judgment is now affirmed.

### ON APPELLANT'S MOTION FOR REHEARING.

BEAUCHAMP, Judge.

Without being in full accord with all of the reasons stated either in the original opinion or in the opinion on the State's motion for rehearing, the writer, nevertheless, concurs in the conclusion that the State's motion should be granted and the judgment of the trial court affirmed. Consequently, the appellant's motion for rehearing is overruled.