### PINK HENDERSON v. THE STATE.

No. 3493.   Decided January 31, 1906.

**1.—Local Option—Evidence—Non-Intoxicant—Separate Offense.**

Upon a trial for a violation of the local option law where the bill of exceptions did not show that the witness was not intoxicated or had sworn that the beverage did not intoxicate him, the mere fact that he drank six bottles of it would not in itself be admissible, since each sale would be a separate offense, although occurring contemporaneously, and there was therefore no error to exclude this testimony.

**2.—Same—Evidence—Intoxicant—Condition of Witness.**

On a trial for a violation of the local option law there was no error in the admission of testimony showing the condition of the witness as to whether he was intoxicated.

**3.—Same—Harmless Error—Moral Turpitude.**

Upon a trial for a violation of the local option law where evidence was admitted over the objections of defendant that the defendant's witness had been several times arrested for gaming, the same not involving moral turpitude, the error was harmless.

**4.—Same—Evidence—Animus of Witness—Details of Difficulty.**

On a trial for a violation of the local option law there was no error in excluding the details of a difficulty between the State's witness and defendant to show animus of said witness. The fact that such difficulty occurred could be proved, but not the details however.

**5.—Same—Intoxicants—Mistake of Facts.**

Upon a trial for a violation of the local option law, there was no error in admitting testimony of the defendant on cross-examination that he had received notice from the county attorney that the beverage he was selling was an intoxicant, the record showing that the defendant contended that such beverage was nonintoxicating, and that he had been so informed by the parties from whom he purchased it.

**6.—Same—Bill of Exceptions.**

Upon a trial for a violation of the local option law where the defendant objected to certain testimony as to whether defendant had heard the testimony of a State's witness in another case, to the effect that the beverage that defendant was selling was intoxicating, but the bill of exceptions did not show how long it was before the trial of the case at bar that said State's witness testified in the former case, or whether defendant had made said sale for which he was being tried at the time said witness testified, there was no error.

Appeal from the County Court of Johnson. Tried below before Hon. J. D. Goldsmith.

Appeal from a conviction of a violation of the local option law; penalty, a fine of $50 and thirty days imprisonment in the county jail.

The principal State's witness testified that defendant's place of business was over a billiard room, and there was a stair-way leading up the back way; and there was a bar up there. That on the night of the date alleged in the information he got two bottles of what was known as "True Temperance," which was intoxicating liquor, and paid defendant 25 cents for them. Witness was not drunk or intoxicated by the liquor which he drank and which he got from defendant that night, but felt the effects of it. This with the facts stated in the opinion is a sufficient statement of the case.

*Odell, Phillips & Johnson,* for appellant.

*Howard Martin,* Assistant Attorney-General, and *Mason Cleveland,* County Attorney, for the State.

BROOKS, JUDGE.—Appellant was convicted of violating the local option law, the punishment being fixed at a fine of $50 and thirty days in jail.

The first bill of exceptions shows that while prosecuting witness, H. Marshall, was on the stand, and after he had testified to buying malt liquor, which was intoxicating, from defendant, defendant asked witness on cross-examination: "How many times did you purchase this liquor there on that night?" The State objected because immaterial. If permitted to answer, witness would have stated that he purchased several bottles of "True Temperance," which was the name given the malt liquor he purchased from defendant at that time; that

he drank six bottles of True Temperance, which was the liquor claimed by the State as being intoxicating, and for the sale of which defendant was prosecuted; that said testimony was offered for the purpose of showing and developing the res gestæ of the sale, and showing the amount of liquor purchased and drank by the State's witness at that time, as tending to show the non-intoxicating quality of the beverage, and to show the animus and feeling of witness toward defendant at the time of the trial. This testimony would have been pertinent if the bill had shown that witness was not intoxicated, or had sworn that it did not intoxicate him. But the mere fact that he drank six bottles would not per se be admissible testimony, since each sale would be a separate offense although occurring contemporaneously.

The second bill shows that while Bob McClure was on the witness stand in behalf of the State, he was asked, "What was the condition of State's witness, Marshall and his companion Sanderson, with reference to being intoxicated or not, on August 29, 1905?" The witness answered that they were about half-drunk. This was objected to on the ground that the same was the opinion, conclusion and judgment of the witness. This is a matter that can be testified to. The condition of the witness as to whether or not he is intoxicated, can be introduced in evidence.

The third bill shows that while witness Earnest Frost was on the stand in behalf of the defendant, the county attorney, upon cross-examination, asked witness the following question: "How many times have you been arrested for gambling?" Appellant objected because if it should appear that said witness had ever been arrested for gambling, it was not such an offense as involved moral turpitude and was not such a violation of the criminal law or such a charge of violation of the criminal law as would be admissible to go to the credibility of said witness. Which objection so made by the defendant was overruled, and the witness answered, that he had been arrested several times for gambling. This does not appear to be an offense involving moral turpitude. However, we do not deem the error of such import as authorizes a reversal.

The fourth bill complains that while defendant's witness, DeJarnett, was on the stand, and after the State had developed that one Sanderson, companion of prosecutor Marshall, had, upon the night of the alleged sale, attempted to secure six bottles of "True Temperance" from defendant upon credit; and that there had resulted between Sanderson and defendant a difficulty on that account, and witness Marshall and Sanderson were mad at defendant; defendant asked witness DeJarnett, if he was present at the time of said difficulty, and he answered he was, and that he saw said difficulty. Defendant then asked DeJarnett to tell just how the difficulty occurred, and the details thereof. To which the State objected. It is a well-known rule that the animus of a witness may be proved. Previous or subsequent difficulties between prosecutor and appellant can be

proved, but not the details, unless they illustrate some phase of the evidence of the case then on trial. The details of the difficulty here testified about do not illustrate or make more apparent any fact in this record.

The fifth bill shows that while defendant was on the stand, on cross-examination, the county attorney asked, if he had been theretofore notified that the malt liquor which he was then selling, known as True Temperance, was an intoxicant, and if he had not received such notice from the county attorney of his county. To which question and answer appellant objected, for the reason that defendant could not be bound by the judgment and opinion of the county attorney or any other officer; and that such an opinion was inadmissible for any purpose and immaterial. The objections were all overruled, and appellant required to answer; and he stated that he had received such notice from the county attorney. The record shows that appellant was insisting that the "True Temperance" drink he is alleged to have sold the prosecutor was not an intoxicant, and that he had been so informed by the parties from whom he purchased the same in Fort Worth. This brings in review in the trial of appellant for the sale, the question of his mistake of fact. Now, we take it, if he had been informed by any one that it was an intoxicant, that this is a circumstance to be left with the jury for them to pass upon in determining the bona fides of his purpose and intent.

Bill number 6 shows that while defendant was on the stand as a witness in his own behalf, the county attorney propounded to ·him the following question: "Did you not hear the testimony of McPherson in the case in which you have already been tried, to the effect that the malt liquor known as 'True Temperance,' or 'Tetotal,' which had been secured from your place, was intoxicating?" The bill does not show how long it was before the trial of this case that witness McPherson swore in another case that the True Temperance drink was an intoxicant. If the evidence had shown that he swore to said fact prior to the time appellant made this sale, then such declaration of McPherson would be admissible. However, if he had been indicted at the time this case was tried, then any declaration on the part of third parties that said True Temperance drink was an intoxicant, which declaration had been brought home to the knowledge of appellant, would not be admissible against appellant in the trial of this case, because the same could have no legitimate bearing upon the question as to whether or not appellant thought True Temperance drink was intoxicating. In other words, the bill does not show how long it was before the trial of this case that McPherson testified; nor does it show whether appellant had made this sale at the time; nor does it show whether the offense for which he was being tried in this case had been committed prior to the time McPherson testified. This being true, we cannot say that there was

error in the ruling of the court. The evidence supports the verdict of the jury, and the judgment is affirmed.

*Affirmed.*