### C. V. WALLACE v. THE STATE.

No. 8952.   Delivered April 29, 1925.

**1.—Driving Auto Intoxicated—Evidence—Intoxication—Opinion Admissible.**

It has long been *held* that the opinion of a witness who was in a position to observe the party, that he was intoxicated, is admissible in evidence, and especially so when the witness details the conduct of the party, upon which such opinion is based.   Following Stewart v. State, 38 Tex. C. R. 271, and other cases cited.

**2.—Same—Res Gestae Declarations—Admissible.**

That immediately after the accident the defendant said he had fifteen hundred dollars to fight the case, was properly admitted in evidence.   Such declaration was *res gestae* of the accident, and threw light on defendant's sobriety or otherwise.

**3.—Same—Bill of Exception—Held Insufficient.**

Where a bill of exception complains of the cross-examination of appellant, and of his being compelled to testify that the next day after the accident he had paid a fine in connection with the transaction in question, the mere statement of the grounds of the objection cannot be taken as a certificate that the facts which form the basis of the objection are true.   The bill gives us no further information than that shown and as presented shows no error. See Branch's Ann. Tex. P. C. Sec. 207.

Appeal from the District Court of Van Zandt County.   Tried below before the Hon. Joel R. Bond, Judge.

Appeal from a conviction for driving an automobile upon a public highway while intoxicated; penalty, one year in the penitentiary.

The opinion states the case.

No brief filed by appellant.

*Tom Garrard,* State's Attorney, and *Grover C. Morris,* Assistant State's Attorney, for the State.

HAWKINS, JUDGE.—Defendant was convicted for driving an automobile upon a public highway while intoxicated. Punishment, one year in the penitentiary.

The prosecution is under Chapter 23, 2nd C. S., 38th Leg.,—A car driven by defendant collided with one driver by J. E. Thomas. The State's evidence warranted the jury in finding that defendant was intoxicated at the time. If the testimony offered by defendant had been accepted as true, a verdict of acquittal would have been justified. The jury settled this controverted issue, and under the facts presented we would be unauthorized to disturb their finding.

Witness Thomas testified that the car driven by defendant was "zigzagging" as it approached the point of collision; that after the accident, and while talking to defendant witness saw that defendant was intoxicated. This latter statement was objected to as a conclusion of the witness. The objection is without merit. Stewart v. State, 38 Texas Crim. Rep. 271, 44 S. W. Rep. 505; Henderson v. State, 49 Texas Crim. Rep. 271, 91 S. W. Rep. 569; Underhill's Cr. Ev. (3rd Ed.) Sec. 278. However, during his examination, Thomas recited many details of defendant's conduct supporting the statement that he was intoxicated. What has been said applies to the objection urged against the evidence of the witness Caldwell.

We perceive no objection to the reception in evidence that immediately after the accident defendant said he had fifteen hundred dollars to fight the case. It was *res gestae* of the accident, and throw light on defendant's condition of sobriety or otherwise.

Complaint is make that upon cross-examination, over objection, defendant was compelled to answer that the next day after the accident he had paid a fine in connection with the transaction in question. The grounds of objection were that no connection was shown between the fine and the offense upon which this prosecution is based, but in effect got before the jury defendant's admission that he had violated the law. The grounds of objection cannot be taken as a certificate that the facts which form the basis of the objection are true. (See Branch's Ann. Tex. P. C., Sec. 209). The bill gives us no further information than already shown. The inquiry objected to may have become pertinent by some statement of defendant on direct examination. The bill as presented shows no error. (Sec. 207, Branch's Ann. Tex. P. C.).

The judgment is affirmed.