CECIL POOL V. THE STATE.

No. 9675.    Delivered Dec. 23, 1925.

**Driving Auto Intoxicated—Evidence of Incorporation—Record is Best Evidence.**

Where on a trial for driving an automobile upon the streets of an incorporated town while intoxicated, it was error to permit the State to prove by parol testimony that the town of Rochester, in Haskell County, was incorporated. The records of the commissioners court of its incorporation was the best evidence of that fact, and in the absence of a showing that the best evidence was not accessible, parol evidence of its incorporation should not have been admitted. Following Temple v. State, 15 Tex. Crim. App. 304. Also see Dillon on Municipal Corporations, Sec. 232, Vol. 1, 5th Ed.

Appeal from the District Court of Haskell County. Tried below before the Hon. Bruce W. Bryant, Judge.

Appeal from a conviction for driving an automobile upon the streets of an incorporated town, while intoxicated, penalty a fine of $100.00.

The opinion states the case.

*W. H. Murchison* of Haskell, for appellant.

*Sam D. Stinson,* State's Attorney, and *Nat Gentry, Jr.,* Assistant State's Attorney, for the State.

HAWKINS, JUDGE.—Appellant was convicted for driving an automobile upon the streets of a incorporated town while he was intoxicated and the punishment assessed was a fine of $100.

The proposition is under Article 802 of our P. C. (1925 Revision), which provides that any person who drives an auto-

mobile upon any street of an incorporated town while such person is intoxicated is guilty of an offense.

The indictment contains four counts. The one submitted to the jury specifically charges that appellant while intoxicated drove an automobile upon a street within the limits of the incorporated town of Rochester in Haskell County. Under said allegations before the State could secure a conviction it was necessary to prove that the town of Rochester was incorporated; that appellant was intoxicated, and that while in such condition he drove an automobile upon the streets within the boundaries of said incorporated town. The State offered to prove and did prove by parol testimony that the town of Rochester was incorporated and had been operating as an incorporated town, over the objection that it was not the best evidence, but secondary and hearsay, and was proving by parol evidence a fact which was a matter of record. Article 1134 to 1138, incl., R. C. S. (1925 revision) provide that a certain number of residents and qualified voters may petition the county judge to order an election for the incorporation of a town, including in the petition the boundaries of the proposed town and accompanying the same with a plat thereof. They further provide for the appointment of election officers by the county judge, the notices to be given, the qualifications of electors, etc. Article 1139 provides that the returns of the election shall be delivered to the county judge and that he shall make an entry upon the records of the Commissioners' Court stating the result of such election, and also designating in the entry the boundaries of said town. It further provides that "a certified copy of such entry, together with the plat of the town or village, shall thereupon be recorded in the proper record of deeds of such county." It will thus be seen that the statute provides for a record to be made and preserved showing the incorporation of towns. In Section 232, Vol. 1, 5th Ed. of Dillon on Municipal Corporations, is found the following general statement as to proof of municipal corporate existence:

"The primary evidence of a special charter or act of incorporation in this country is the original or authenticated copy, or, under statute regulation, a printed copy published by authority. But if primary evidence cannot be had, parol or secondary evidence of its existence is admissible. Thus, where a public corporation had existed for a long space of time (in the instance before the court, for forty years), the court allowed evidence of its incorporation by reputation, the original act not being found, and it being probable that it had been de-

stroyed by fire. So evidence that a town has for many years exercised corporate privileges, no charter after search being found, is competent to go to the jury to establish that it was duly incorporated. And where there is no direct or record evidence that a place has been incorporated, and it is sought to show the fact of incorporation from circumstantial evidence, the question is ordinarily for the jury, and not the court; that is, the jury, under the circumstances, determine there is or is not sufficient ground to presume a charter or act of incorporation, or the due establishment and existence of a corporate district under some general act. So corporate existence may be inferred and judicially noticed, although the incorporating act or charter cannot be found, if the fact of incorporation is clearly recognized by subsequent legislation not in contravention of any constitutional provision respecting the mode of creating corporations."

In Temple v. State, 15 Tex. Ct. App. 304, Judge White, after quoting the foregoing statement from Dillon, follows with this language:

"If the incorporation be by legislative act, then under the rule the charter would be primary evidence, before the secondary could be resorted to. If the corporation be created under our general law above referred to, the best evidence would, perhaps, be a certified copy of the entry made by the county judge on the records of the Commissioners' Court. (Rev. Stats. Art. 2252) ; and, failing to find or to be able to produce that, then secondary evidence in accordance with the above rules may well be resorted to."

No predicate was laid in the instant case which would permit secondary evidence. If the incorporation of Rochester was not of record no showing of such fact is made to appear. In Temple's case (supra) there was no averment in the indictment that the town then in question was incorporated. The question was incidental and collateral but notwithstanding this it was held that the best evidence was the record of incorporation. The view there announced may be extreme and instances might arise where the question of incorporation was only collateral that incorporation might be shown by parol. However, we believe the statement quoted is pertinent to the present case where the indictment charged, and it became necessary for the State to prove, that the town was incorporated. Without such allegation no offense would have been charged. Without the proof no offense could be shown. It was an integral part of the offense, and in no sense collateral or indirect.

We therefore conclude that the learned trial judge fell into error in admitting parol proof as to the incorporation of the town of Rochester, and for this reason the judgment must be reversed and the cause remanded.

*Reversed and remanded.*