## Bob Hext v. The State.

No. 12,115.   Delivered March 20, 1929.

The opinion states the case.

*W. D. Wilson* of Spur, for appellant.

*A. A. Dawson* of Canton, State's Attorney, for the State.

HAWKINS, JUDGE.—Conviction is for driving an automobile upon the streets of the incorporated city of Matador while appellant was intoxicated.   Punishment is assessed at a fine of $250.00 and forty-five days' imprisonment in the county jail.

The evidence introduced by the state is amply sufficient to support the verdict.   No testimony was offered by appellant.

Two bills of exception complain of the manner of proving that Matador was an incorporated city.   Article 1139, R. C. S. (1925) provides that the returns of the election to determine the incorporation shall be delivered to the county judge and that he shall make an entry upon the records of the commissioners court stating the result of such election and also designating in the entry the boundaries of said town; it further provides that a certified copy of such entry together with the plat of the town or village shall thereupon be recorded in the proper record of deeds of such county.   In Pool v. State, 102 Tex. Crim. Rep. 451, 278 S. W. 212, we reviewed the

proper method of proving the incorporation of a city, in which the opinion in Temple v. State, 15 Tex. Crim. App. 304, was followed. The state introduced the deputy county clerk of Motley County who identified Volume No. 2 of the commissioners court minutes of said county and there was read therefrom to the jury over appellant's objection the entry made therein declaring the result of the election incorporating Matador, including its boundaries. This entry bears the signature of the county judge. The deputy clerk also identified Volume 7 of the deed records of said county in which was recorded a certified copy of the foregoing entry from the minutes of the commissioners court. This recorded instrument in the deed records was also read therefrom to the jury over appellant's objection. To the introduction of both the entry in the commissioners court's minutes and the copy thereof in the deed records objection was urged because no certified copy of said instrument had been filed with the papers of the case and notice given to appellant as provided by Article 3726 R. C. S. (1925) amended by Chapter 73 Acts First Called Session 40th Legislature, page 198, by the terms of which every instrument of writing which is "permitted or required" by law to be *recorded* in the office of the clerk of the county court— or under certain circumstances certified copies thereof—shall be admitted in evidence in any case after the party proposing to offer it shall file the same among the papers of the suit at least three days before commencing of the trial and give notice to the opposite party. The certified copy from the minutes of the commissioners court was an instrument which was "permitted" to go of record in the deed records of the county and when offered *as coming from that source* was perhaps subject to the objection urged. Lamar v. State, 49 Tex. Crim. Rep. 563, 95 S. W. 509. However, when offered from the commissioners court minutes its admissibility was controlled by an entirely different statute which is Article 3720, R. C. S. (1925) relating to court records, etc. The entry made by the county judge in the minutes of the commissioners court declaring the result of the election for incorporation of Matador was in the nature of a judgment. To introduce it in evidence no filing of a certified copy or notice was required. Practically the identical question was decided in Frickie v. State, 40 Tex. Crim. Rep. 626, regarding the introduction of orders in the minutes of the commissioners court declaring the result of "local option" elections. See also Johnson v. State, 55 S. W. 968; Howard v. State, 72 Tex. Crim. Rep. 624. The distinction between what are now Articles

3720 and 3726 R. C. S. is very clearly drawn in Clayton v. State, 67 Tex. Crim. Rep. 311. Many other cases are collated under Article 3720, Vernon's Ann. Tex. Civil Statutes, Volume 11. If the court was in error in permitting the district attorney to read from the deed records the certified copy of the entry on the minutes of the commissioners court in the absence of notice and three days' filing, the same evidence not subject to objection went into the case from the reading of the original entry made on the minutes of the commissioners court.

The only other bill of exception complains because the court permitted a number of witnesses to give it as their opinions from the observation of appellant that he was drunk on the occasion under investigation. This court has many times decided the point against appellant's contention. Stewart v. State, 38 Tex. Crim. Rep. 627, 44 S. W. 505; Pace v. State, 79 S. W. 531; Neeley v. State, 100 Tex. Crim. Rep. 76, 271 S. W. 922; Wallace v. State, 100 Tex. Crim. Rep. 499, 271 S. W. 911; Inness v. State, 106 Tex. Crim. Rep. 524, 293 S. W. 821. The Inness case (supra) also decided against appellant his contention that the court should have charged upon the law of circumstantial evidence.

Finding no error in the record upon which a reversal can properly be predicated the judgment is affirmed.

*Affirmed.*