R. G. PINER, JR., V. THE STATE.

No. 18510.   Delivered November 4, 1936.

.The opinion states the case.

*Morgan & Morgan* and *Mayo W. Neyland,* all of Greenville, for appellant.

*Lloyd W. Davidson,* State's Attorney, of Austin, for the State.

MORROW, PRESIDING JUDGE.—Appellant was convicted of the offense of practicing medicine without having his license registered as required by law; penalty assessed at a fine of fifty dollars and confinement in the county jail for one minute.

The statement of facts accompanying the record is in question and answer form and for that reason cannot be considered by this court. See Art. 760, C. C. P., subd. 1, as amended by Acts, 1931, 42nd Legislature, 1st Called Session, p. 75, Chap. 34, sec. 7.

In paragraph 2 of its charge, the court instructed the jury as follows:

"Any person shall be regarded as practicing medicine within the meaning of the law, who shall treat, or offer to treat, any disease or disorder, mental or physical, or any physical deformity or injury, by any system or method or to effect cures thereof, and to charge therefor, directly or indirectly, money or other compensation."

Appellant objected to the foregoing instruction upon the ground that it was in the disjunctive instead of the conjunctive as was done in the information. We do not think that in said instruction it was required to use the conjunctive "and" because said paragraph No. 2 was but a definition of what constitutes the practice of medicine as defined by Section 2 of Article 741, P. C., 1925. If appellant did either of the acts defined in said article in the disjunctive he would be guilty of practicing medicine. The definition, as given by the court in his charge to the jury, followed the statute, and was a guide for the jury by which they might determine whether the proof showed that apellant did either all or any one of the acts specified as an act of practicing medicine.

Paragraph 3 is not subject to the objection urged to it inasmuch as it is an instruction to the jury that if appellant did treat or offer to treat any disease, disorder, deformity or injury, by the application of his hands to the person named in the information, or by the use of any other system or method, treat or offer to treat the person named in the information for any disease, disorder, deformity or injury and charge therefor, he would be guilty of practicing medicine within the meaning of the statute. We admit our inability to discover any error in the charge of the court which transcended the law or impinged upon the appellant's legal rights.

The judgment is affirmed.

*Affirmed.*