H. H. LANFORD V. THE STATE.

No. 19530.   Delivered March 30, 1938.

The opinion states the case.

*R. L. McGaugh*, of Brownwood, and *E. B. Simmons*, of San Antonio, for appellant.

*Lloyd W. Davidson*, State's Attorney, of Austin, for the State.

KRUEGER, JUDGE.—The conviction is for violation of the Medical Practice Act; penalty assessed is a fine of $50.00 and confinement in the county jail for one day.

The State's witness, M. J. Yancy, testified that he went with one Bailey, for the purpose of interviewing appellant about the condition of Nathan P. McQueen, a brother-in-law of Yancy, who was seriously ill. Appellant said he would charge $2 for making a sick visit, and agreed to visit McQueen at his home on May 24, 1937. Appellant gave McQueen "a little adjustment and rubbed his jaw—and the back of his neck." He stated at the time that McQueen was too weak to stand the regular adjustment, but that he did not see why McQueen could not be taking nourishment in 24 hours. He charged $2 for the call, which was paid by Mr. Bailey.

Mrs. Stella Yancy, a sister of McQueen, testified that neither she nor any member of the family blamed appellant with the death of McQueen; that she did not believe all the doctors in Brown County could have done anything for McQueen after he suffered a stroke of paralysis.

Luther Wilson, clerk of the district court of Brown County, testified that he was the custodian of the medical register for that county; that the register did not show that the appellant ever registered in Brown County, Texas; that no chiropractor had ever registered in the book mentioned.

The appellant testified in his own behalf, admitting that he had lived in Brownwood six years and had been a chiropractor all that time. He also admitted that he did not attend any medical college but had attended the Texas Chiropractic College in San Antonio for three years, during which time he took the full course prescribed by that institution. He admitted charging $2 for the trip to McQueen's home, and that he had never registered any certificate evidencing his right to practice medicine with the district clerk of Brown County, Texas.

By bill of exception number one, appellant complains of the trial court's refusal to sustain his motion to quash the complaint and information on the ground, among others, that it was indefinite, uncertain, ambiguous, verbose and did not charge him with the practice of medicine; nor did it charge any specific disease, disorder, mental or physical, or any physical deformity or injury of McQueen for which he treated him. The complaint and information are in every respect similar to the one in the case of Hoy v. State [page 226 of this volume], which we this day held sufficient to charge the offense. For the reasons there stated, we overrule his contention.

Bill of exception number two complains of the trial court's action in overruling appellant's request for an instructed verdict of not guilty. We deem the evidence sufficient to sustain the conviction.

By bill number three, appellant complains of paragraph number three of the court's charge because the same is upon the weight of the evidence and does not charge the law. A charge similar to the one criticized was upheld by this Court in the case of Hoy v. State, this day decided. See also Piner v. State, 97 S. W. (2d) 953. Bill number four reflects no error as qualified by the court.

Bill number five complains because appellant, due to the limited number of challenges and with only twelve men available from which to select a jury of six, was forced to accept one, Long, although he had been challenged for cause. The bill sets out the examination of the juror regarding his qualifications and the action of the court thereon in concluding that Long was a qualified juror. The identical question was raised in the case of Hoy v. State, supra, and for the reasons there stated, appellant's contention is overruled.

Bill of exception number six complains of the court's action in sustaining the objection of State's counsel to the examination of appellant regarding his professional training, learning, etc. The bill is qualified by the trial court and, as qualified, presents no error.

No error appearing in the record, the judgment of the trial court is affirmed.

The foregoing opinion of the Commission of Appeals has been examined by the Judges of the Court of Criminal Appeals and approved by the Court.