J. H. EHRKE V. THE STATE.

No. 19529.   Delivered March 30, 1938.

The opinion states the case.

*R. L. McGaugh,* of Brownwood, and *E. B. Simmons,* of San Antonio, for appellant.

*Lloyd W. Davidson,* State's Attorney, of Austin, for the State.

KRUEGER, JUDGE.—Conviction is for violation of the Medical Practice Act; penalty assessed is a fine of $50.00.

The State proved that the appellant was engaged as a chiropractor in the city of Brownwood, without having registered his certificate or license with the district clerk of the county. Appellant did not testify but introduced witnesses tending to prove his good reputation.

Bill of exception number one complains of the action of the trial court in declining to sustain his motion to quash the complaint and information upon the ground that the same "did not charge him with having engaged in the practice of medicine, and did not charge any specific disease, disorder, either mental or physical, or any physical deformity or injury of the said J. A. Henry for which defendant treated him."

An indictment or information for practicing medicine without a license is sufficient if it substantially follows the language of the statute. See Hilty v. State, 120 Texas Crim. Rep. 304. The complaint and information in the present case follows the statute which declares it to be unlawful for anyone to practice medicine in any of its branches, upon human beings within the limits of the State who has not registered in the district clerk's office of every county in which he may reside, and in each and every county in which he may maintain an office, a license or certificate evidencing his right to practice medicine.

It is well settled that chiropractors who make adjustments for compensation come within the purview of the Medical Practice Act and must comply with the law on the subject in order to be entitled to practice. See Maier v. State, 90 Texas Crim. Rep. 459; Hicks v. State, 88 Texas Crim. 438; Teem v. State, 79 Texas Crim. Rep. 285.

Appellant questions the sufficiency of the evidence to sustain his conviction. The testimony adduced by the State shows that he resided in Brown County; that he maintained an office in the city of Brownwood where he pursued his occupation as a chiropractor. That on or about the 29th day of May, 1937, he treated J. A. Henry for nervousness and received compensation therefor. That he had not registered a license or certificate with the clerk of the district court of Brown County as required by law, authorizing him to engage in the practice of medicine. We think the testimony is sufficient to sustain the jury's conclusion of his guilt. See Hicks v. State, 227 S. W. 302.

Appellant has urged objections to the court's charge, similar in nature to those urged in the case of Hoy v. State, this day handed down. [Page 226 of this volume.] The court, in that

case, gave an almost identical charge. We held in that case that the charge was not subject to the criticisms addressed thereto. See also Piner v. State, 97 S. W. (2d) 953.

No error appearing in the record, the judgment of the trial court is affirmed.

The foregoing opinion of the Commission of Appeals has been examined by the Judges of the Court of Criminal Appeals and approved by the Court.