## WALTER TEMPLETON V. STATE.

No. 23958. March 10, 1948.
Rehearing Denied April 21, 1948.
Appellant's Second Motion for Rehearing Denied (Without
Written Opinion) May 5, 1948.

Hon. L. L. Parish, Presiding Judge.

*W. H. Lipscomb,* of San Angelo, for appellant.

*Ernest S. Goens,* State's Attorney, of Austin, for the State.

KRUEGER, Judge.

The offense is theft of an automobile. The punishment assessed is confinement in the state penitentiary for a term of two years.

The record shows that appellant and W. C. Denton were jointly indicted and jointly tried for the offense of theft of an automobile over the value of Fifty Dollars from one Dave McCrohan. Appellant was found guilty of the offense by a jury, but the record fails to disclose what became of Denton.

The evidence adduced by the state briefly stated shows that on the 14th day of June, 1947, Dave McCrohan parked his automobile in front of a grocery store in the City of San Angelo and entered the store with the purpose of purchasing some merchandise; that when he came out of the store he noticed that his automobile was gone. He immediately notified the police who began a search for the car and the party or parties who had taken it. They found appellant and Denton in possession of the automobile and when they approached them, appellant and Denton attempted to escape in the car. When the officers were about to overtake them, they abandoned the car and ran, however, they were subsequently arrested.

It was the theory of appellants, supported by the testimony of W. C. Denton, that they did not intend to steal the automobile, but took it for temporary use in driving out to a package store to purchase some whiskey and then return it; that they both had been drinking and were drunk at the time they took the automobile in question.

The court instructed the jury on appellant's defensive theory as follows:

"You are further charged as a part of the law of this case that if you find and believe from the evidence beyond a reasonable doubt that the defendants at the time and place alleged in the indictment took the automobile in question, but you should further find and believe from the evidence or if you have a reasonable doubt thereof at the time they took said automobile, if they did, that they did not have the intention to steal and convert the same to their own use and benefit then you will find such defendant not guilty and so say by your verdict."

Appellant brings forward one bill of exception wherein he claims that the trial court erred in failing to instruct the jury that if they believed from the evidence, or had a reasonable doubt thereof, that the defendants did not, at the time they took the automobile, intend to permanently convert and appropriate the same to their own use and benefit to find them not guilty.

We find no written objection of any character to the court's charge nor any requested charge in writing in the record. Art. 658, C. C. P., requires that objections to the court's charge shall be in writing distinctly specifying each ground of objection. This is a mandatory provision of the statute which the record shows was not complied with. If any part of the statute may be disregarded, then why not the whole of it? The object and purpose of the article mentioned was fully discussed by this court in Brown v. State, 140 Tex. Cr. R. 133 (143 S. W. (2d) 775), and we see no need to reiterate what was said in that case. Therefore, we overrule his complaint.

Finding no error in the record, the judgment of the trial court is affirmed.

Opinion approved by the Court.

### ON APPELLANT'S MOTION FOR REHEARING.

BEAUCHAMP, Judge.

The original opinion discussed all of the issues involved in the appeal. We have re-examined the record and are of the opinion that the correct conclusion was reached.

In his motion for rehearing it is presented, with much insistence, that there is not a scintilla of evidence to support a conviction. Apparently appellant overlooks the theory upon which the conviction was had. The car was stolen, a search was instituted for it, and in about forty-five minutes it was found in the possession of appellant and his cousin. Apparently the latter was driving the car. The officers gave chase and both parties abandoned the car and fled. Appellant was arrested at work some hours later. His companion's testimony raised an issue of fact in the case which was submitted to the jury and by them decided contrary to his contention. This need not be again discussed. Appellant made no explanation of his possession of recently stolen property and as the evidence stands it is undisputed that his cousin suggested the taking of the car; appellant joined in that, went with him; and for about forty-five minutes had been out in the car with the cousin. In the absence of an acceptable explanation of his possession of recently stolen property, the jury was thoroughly justified in returning the verdict which they did.

The motion for rehearing is overruled.