## AUGUSTINE CEDILLO V. STATE

No. 29,160. October 30, 1957.
Appellant's Motion for Rehearing Overruled
(Without Written Opinion) December 11, 1957.

*Paul Andow,* El Paso, for appellant.

*Jack N. Fant,* County Attorney, *R. B. Redic,* Assistant County Attorney, El Paso, and *Leon Douglas,* State's Attorney, Austin, for the state.

MORRISON, Presiding Judge.

The offense is negligent homicide in the second degree; the punishment, three years in jail.

The appellant was the driver of a school bus. The bus he was driving was involved in a collision with a truck at a road intersection, and one of the pupils was killed. It was the testimony of the state's witnesses that the appellant did not bring the bus to a halt at a stop sign before entering the intersection and that the collision resulted. The witnesses for the defense testified that the appellant did observe the stop sign. The appellant did not testify. The jury resolved the conflict in the evidence against the appellant, and we find the same sufficient to support the verdict.

The facts will be discussed more fully in connection with the bills of exception advanced by able counsel in his brief and argument.

Bill of Exception No. 1 recites that he made a motion to quash the information on the grounds that it was vague and indefinite. We find no such motion in the transcript. We have, however, examined the information and do not find it to be fundamentally defective.

Bill of Exception No. 2 complains of questions propounded to the witness Sarah Hawk concerning the driving habits of the appellant prior to the time of the collision. The only objection which was made was as follows: "I am going to object to this, Your Honor, he is going before the date alleged in the information, and as such is inadmissible." Clearly, this objection did not call the trial court's attention to the contention now advanced by

the appellant that such testimony constituted proof of disconnected acts of negligence.

Bills of Exception Nos. 3, 4 and 5 relate to the court's charge. We find no written objections to the charge and no requested charges in writing in the record. Article 658, V.A.C.C.P., requires that objections to the court's charge shall be in writing, distinctly specifying each ground of objection. This is a mandatory provision of the statute which the record shows was not complied with. In Templeton v. State, 152 Texas Cr. Rep. 121, 210 S.W. 2d 168, in discussing an identical situation, this court said: "If any part of the statute may be disregarded, then why not the whole of it?"

Bill of Exception No. 6 relates to the sufficiency of the evidence which need not be raised by a bill of exception. We find that the state's witness Sullivan testified without objection that the stop sign had been erected by the State Highway Department. In Larkin v. State, 157 Texas Cr. Rep. 284, 248 S.W. 2d 134, we said:

"* * * * If this manner of proving value did not meet with the approbation of appellant, it was incumbent upon him to voice his objection at the time of the introduction of the testimony, and then to bring the matter up to this Court for review in a bill of exception. This was not done."

Bill of Exception No. 7 relates to argument. The prosecutor said, "The only controverted thing done by the defendant is that he run a stop sign." We cannot bring ourselves to agree with the appellant's contention that this argument was tantamount to telling the jury that the burden was upon the appellant to prove that he did not run the stop sign.

Bills of Exception Nos. 8 and 9 complain of the failure of the court to grant a new trial. The first is directed to newly discovered evidence. The witness Munoz testified that he examined the gear box on the wrecked school bus fifteen days after the trial and found it to be in low gear. There is a complete absence of any showing of diligence on the part of the appellant to discover this fact prior to the trial, and the bill does not reflect error.

The second relates to alleged jury misconduct. The juror Ruth Teal testified that "I believe that some of the jury made the comment that if you did not give the maximum that the

judge would not think that he was guilty" and that if they imposed a fine instead of a jail sentence that possibly the appellant's friends or his church would pay the fine. We find no reversible error reflected by this bill.

Appellant's counsel is to be commended for his diligence.

The judgment is affirmed.