H. L. FLEMING, JR. V. STATE.

No. 31,023. November 25, 1959.
Motion for Rehearing Overruled January 13, 1960.

*Porter, Madalinski & Mondin* by *William M. Porter,* San Antonio, for appellant.

*Charles J. Lieck, Jr.,* Criminal District Attorney, *Harry A. Nass, Jr.,* Assistant Criminal District Attorney, San Antonio, and *Leon Douglas,* State's Attorney, Austin, for the state.

DICE, Judge.

The conviction is for unlawfully practicing medicine.

The complaint and information contained two counts and were drawn under Arts. 741 and 742 V.A.P.C.

Count 1 alleged in part that on or about the 1st day of July, 1957, in Bexar County, Texas, the appellant did unlawfully practice medicine upon Mrs. George White *by publicly professing to be a physician and diagnosing, treating and offering to treat a disease and disorder and to effect a cure thereof* for the said Mrs. White without having registered in the district clerk's office of said county a certificate evidencing his right to practice medicine as issued to him by the Texas State Board of Medical Examiners, etc.

Count 2 alleged, in part, that on or about the said date of July 1, 1957, the appellant did in the said county and state unlawfully practice medicine upon Mrs. George White *by diagnosing, treating and offering to treat a disease and disorder and to effect a cure thereof* for the said Mrs. White and charging therefor without having registered in the district clerk's office of said county a certificate evidencing his right to practice medi-

cine as issued to him by the Texas State Board of Medical Examiners, etc.

The allegations of the information substantially follow the language of the statute, Art. 741, supra, and are sufficient to charge the offense of unlawfully practicing medicine. Ehrke v. State, 134 Texas Cr. Rep. 222, 115 S.W. 2d 631 and De Hay v. State, 158 Texas Cr. Rep. 262, 254 S.W. 2d 513.

Both counts were submitted to the jury and in its verdict the jury found the appellant guilty on each count and assessed his punishment under each count at 10 days in jail and a fine of $150.

Upon the jury's verdict judgment was rendered by the court adjudging appellant guilty of the offense of unlawfully practicing medicine as found by the jury and assessing his punishment at 10 days in jail and a fine of $150 upon each count of the information.

Appellant insists that his conviction upon both counts of the information cannot be sustained because he is being assessed double punishment for the same offense. He also challenges the sufficiency of the evidence to support the conviction under Count No. 1 of the information.

Briefly the state's evidence shows that on or about July 1, 1957 the prosecuting witness, Mrs. George White, went to the appellant's drug store in company with her husband for the purpose of seeing a doctor. Mrs. White testified that when she arrived she asked to see a doctor and after waiting sometime she was admitted into a back room where the appellant examined her by listening to her chest, told her she had pneumonia, gave her a "shot" in the arm and some other medicine for which her husband paid $5.00 plus an additional amount for the medicine. Mrs. White stated that she thereafter saw the appellant seven or eight times and on each occasion appellant gave her a "shot" and that her husband paid appellant $5.00 for each visit. She further stated that she went to the appellant upon recommendation of a friend who referred to the appellant as a doctor.

It was shown that appellant did not have a certificate registered in the district clerk's office authorizing him to practice medicine.

As a witness in his own behalf, appellant denied having so treated Mrs. White or receiving any pay from her but admitted that he gave her some medicine which he contended he was authorized to do under his license to practice pharmacy.

Under the record it is clear that appellant's conviction upon both counts of the information is based upon the same transaction with the prosecuting witness.

While the state had the right to charge in the seperate counts of the information the two ways named in the statute, Art. 741, supra, by which it was alleged that appellant did unlawfully practice medicine, only one offense was actually charged against appellant. In Herrington v. State, 73 Texas Cr. Rep. 359, 166 S.W. 721, it was held that Art. 741, supra, in providing the two ways by which a person may be regarded as practicing medicine, did not create separate and distinct offenses but only prescribed different ways of committing the same offense.

Under the doctrine of carving in this state the prosecuting attorney may carve as large an offense out of a single transaction as he can, but he must cut only once, and the state can carve but one conviction for the same offense. See 1 Branch's Ann. P.C. 2d Ed. sec. 254 p. 625 and cases there cited.

The court, in submitting both counts to the jury, which he was authorized to do, should have instructed the jury that they could convict the appellant upon only one count.

Under the record appellant stands twice convicted of the same offense and his conviction upon both counts cannot be sustained.

The evidence is clearly sufficient to sustain the conviction under count 2 and we have concluded that the conviction may be upheld as to such count, the jury having assessed the same punishment under each count which renders unnecessary our passing upon appellant's contention that the evidence is insufficient to sustain the conviction under Count No. 1.

Appellant's complaint to the court's refusal to give his requested charge is not before us as the record does not reflect that appellant presented any objections or requested charge to the court in writing as required by Arts. 658 and 659 V.A.C.C.P. Nesbit v. State, 165 Texas Cr. Rep. 336, 306 S.W. 2d 901; Cedillo

v. State, 165 Texas Cr. Rep. 371, 307 S.W. 2d 267; and Outley v. State, 162 Texas Cr. Rep. 314, 284 S.W. 2d 356.

The judgment is affirmed as to the conviction under Count No. 2 and the judgment of conviction as to Count 1 is reversed and the prosecution ordered dismissed.

Opinion approved by the Court.