CHARLES D. STUART V. STATE

No. 35,020.   November 14, 1962

*Glasscock & Glasscock,* San Antonio, for appellant.

*Andrew L. Jefferson, Jr.,* Asst. Criminal District Attorney, San Antonio, and *Leon Douglas,* State's Attorney, Austin, for the state.

MORRISON, Judge.

The offense is the unlawful practice of medicine; the punishment, one day in jail and a fine of $500.00.

The prosecution was upon an information which charged appellant with treating and offering to treat a disorder and to effect a cure and charged money therefor without having registered a certificate authorizing him to practice medicine.

It was shown that a search of the medical and chiropractic records of the district clerk's office of the county failed to disclose a record of any license filed by appellant.

The witness Hope Herrera testified that she entered the Bedell Building in San Antonio and found both "Mission City Clinic" and "Dr. Stuart" listed in the building directory, proceeded to the third floor, entered his office and, in answer to appellant's questions, told him that she was extremely nervous; that appellant took her blood pressure, placed a stethoscope to her chest and her back, and then told her that he would have to take a blood specimen so that he might know exactly the amount of calcium and phosphorus to prescribe for her. She stated that a blood specimen was taken and that she was offered a choice of injections or tablets; that she chose tablets but, because he was temporarily out of the same, she agreed to return the following day, but before leaving she paid appellant $10.00 and received from him a receipt signed "Dr. Charles D. Stuart" acknowledging the payment of $10.00 and showing a balance of $5.00. The witness testified that while she was in appellant's office she saw him injecting something into another woman's arm and that she observed syringes, capsules and a sterilizer in the office.

Appellant, testifying in his own behalf, stated that he was a naturopathic physician and a chiropractor, that he examined the spinal column of the prosecuting witness, took her blood pressure, stated that his associate took a blood specimen and he did not send the specimen to the laboratory because the prosecuting wit-

ness did not return and pay the remaining $5.00 due. He stated that he had an associate, Dr. Anaya, who was also a naturopath, in the operation of the Mission City Clinic.

We find the evidence sufficient to support the allegations in the information.

The fact that one may be a naturopath is no defense. Keahey v. State, 168 Texas Cr. Rep. 331, 327 S.W. 2d 759. We need not pass upon the question of whether acts constituted those of a practitioner of chiropractic since he was shown not to have been licensed as a chiropractor, as provided in Article 4512b, V.A.R.C.S.

We are not authorized to consider appellant's motion to quash the information or his objections to the court's charge because neither was presented to the trial court in writing as required by statute. Redding v. State, 166 Texas Cr. Rep. 517, 316 S.W. 2d 724, and Cedillo v. State, 165 Texas Cr. Rep. 371, 307 S.W. 2d 267.

Finding no reversible error, the judgment of the trial court is affirmed.