**Ruth COX, Alias Wenona B. Martin, Appellant,**

v.

**The STATE of Texas, Appellee.**

**No. 35584.**

Court of Criminal Appeals of Texas.

April 3, 1963.

Rehearing Denied May 29, 1963.

Second Rehearing Denied June 26, 1963.

Charles William Tessmer (On Appeal Only), Dallas, for appellant.

Henry Wade, Dist. Atty., John Rogers, Frank Watts, and Emmett Colvin, Jr., Asst. Dist. Atty., Dallas, and Leon B. Douglas, State's Atty., Austin, for the State.

WOODLEY, Presiding Judge.

The offense is passing a forged instrument in writing; the punishment, 4 years.

The office of Dr. A. F. Hopkins, D.V.M. at the Skillman Animal Clinic, was burglarized and a series of personalized blank checks numbered 1813 through 1854 were stolen.

The operator's license of Wenona B. Martin was stolen from her purse.

Check No. 1827 of the series of checks was filled in so as to make it a check payable to Wenona B. Martin for salary in the sum of $93.86, bearing the signature "Dr. A. F. Hopkins" under the printed name "Skillman Animal Clinic".

The state introduced evidence showing that the appellant, wearing a nurse's uniform, passed this check No. 1827 to Shirley Stubbs, an employee at a Safeway Store in Dallas, identifying herself by the stolen operator's license as Wenona B. Martin, the name of the payee and endorser of the check, and received from Shirley Stubbs $93.86 in money.

Proof was made that Dr. Hopkins did not sign the check or authorize anyone to sign it, and that it was not paid when presented to the bank on which it was drawn.

The appellant, testifying in her own behalf, denied that she cashed the check or forged it.

The state offered for the purpose of proving intent to defraud check No. 1836 of the series of stolen checks, and introduced evidence showing that it had been filled in and forged in the same manner as check No. 1827, and cashed in the same manner at the

A & P Food Store on Skillman, in Dallas, by the appellant. She denied having filled out, signed or passed this check.

Check No. 1835 of the series was filled in and forged in the identical manner. The evidence shows that appellant presented this check to Betty Jean Berry, cashier at Colbert's Department Store, and asked her if she could cash her payroll check. The cashier declined to take the check, but offered to take the appellant's personal check for the amount of the merchandise she had selected, and the appellant signed the name "Wenona B. Martin" to a bankdraft in the sum of $16.30, identifying herself as before by Wenona B. Martin's operator's license.

The appellant denied that she attempted to pass check No. 1835 or that she was the person who was in Colbert's or who signed and passed the bankdraft.

Check No. 1835 was also presented to Mrs. Beavers at Margo's LaMode Store about closing time. Dr. Hopkins was contacted by telephone, police were called and the appellant was taken into custody.

The appellant admitted having attempted to cash this check at Margo's but testified that it was given to her by Tina Bridges who had endorsed it and asked her to cash it for her. Her testimony was that this was the only one of the checks she had attempted to pass, and that she did not pass "any check whatever", and that so far as she knew the check she attempted to pass was good.

By informal bill of exception complaint is made regarding other checks of the series of stolen checks which were exhibited to the appellant upon her cross-examination, and about which she was examined and denied any knowledge of them or of their number.

These other checks were admissible in evidence had they been properly identified. However, they were admitted over objection that a proper foundation had not been laid for their introduction (without having been identified), and the appellant was requested to read the numbers thereon, and she did so.

Before the examination proceeded further appellant's counsel's motion to exclude the checks from evidence was sustained and the jury was instructed to disregard the testimony "with regard to these checks".

There was already evidence before the jury as to the serial numbers of the checks stolen from the doctor's office, and the jury received no further information in regard to them. We see no error which would warrant reversal.

In rebuttal the state called Fred Wayne McKell who testified that he drove the appellant to different shopping centers and she would take a check into the store and come out with money; that the checks were similar to the check described in the indictment and that the money was divided between Bobby Davis, the appellant and him, he receiving around $200. The appellant denied that she was riding with McKell.

The jury rejected appellant's claim of duress.

The remaining claims for reversal relate to the court's charge.

The complaints to the charge are not before us for consideration.

The record contains what purports to be "Exceptions and Objections to the Court's charge." It is apparent that the objections were presented orally and later reduced to writing and filed. The opening paragraph reads:

"Now comes the defendant and takes her exceptions to the Court's charge prior to the time the charge has been read to the jury *and with the understanding that it may be reduced to writing and filed as of this time.*"

The objections are signed by counsel who did not represent the defendant at the trial, but is her counsel on appeal.

The trial court's certification reads: "The above and foregoing objections and exceptions to the Court's charge are considered filed as of the time prior to the charge being presented to the jury."

The state challenges the consideration of the complaints to the charge of the court and directs attention to Art. 658 Vernon's Ann.C.C.P. requiring that objections to the charge be presented in writing before the charge is read to the jury, and to the holdings of this Court in Templeton v. State, 152 Tex.Cr.R. 121, 210 S.W.2d 168; Cedillo v. State, 165 Tex.Cr.R. 371, 307 S.W.2d 267; and Gonzalez v. State, 164 Tex.Cr.R. 64, 297 S.W.2d 144.

The appellant argues that the record before us should be considered as showing that the objections and exceptions to the Court's charge were filed on the date of the trial and that the trial court having acquiesced in allowing the objections to be dictated to the court reporter for later transcription, we should consider her objections.

We re-affirm our recommendations that the procedure set out in the statutes be strictly complied with.

We need not rest our holding that the complaints to the court's charge are not before us on the fact that the objections were not in writing.

██ It is well settled that in order to complain of the overruling of objections to the court's charge the record must show the court's ruling on the objections and that exception to such ruling was reserved. Medlock v. State, Tex.Cr.App., 356 S.W.2d 312, and cases cited.

The only action the trial court is shown to have taken on appellant's objections to the charge was his certification that the objections were to be considered filed before the charge was read to the jury. The appellant had no reason to except to this ruling and he did not.

The court's certification was not a ruling on the objections. If so, there is no showing that the appellant reserved an exception to such ruling.

██ The evidence is sufficient to sustain the conviction and we find no reversible error.

The judgment is affirmed.

## ON APPELLANT'S MOTION FOR RE-HEARING

DICE, Commissioner.

Appellant insists that the testimony admitted on her cross-examination, and later withdrawn by the court, with reference to the other checks of the series of stolen checks, constituted reversible error because the jury received not only information regarding their serial number but information that they were payable to and endorsed by Wenona M. Martin—which was the name of the payee and endorser of the check, No. 1827, passed to Safeway Store, as well as the name on the driver's license seized from appellant—and the jury also received information that the address appearing on some of the checks was the same address which appeared on the Safeway check and other checks admitted in evidence.

While the name Wenona B. Martin and certain addresses similar to those on the checks admitted into evidence were referred to, we remain convinced that in view of the court's instruction to disregard the testimony and other testimony properly admitted in the record with reference to checks similar to those described in the indictment, no reversible error is shown.

Appellant urges for the first time, in her motion for rehearing, that the court erred in permitting the state's witness Wenona B. Martin to testify that appellant's reputation for being a peaceable and law-abiding citizen was bad. Appellant insists that, in view of the witness's admission that she did not know appellant personally, she was not

qualified to speak with reference to her reputation. Appellant also insists that the proper predicate was not laid, because the state's inquiry of the witness was with reference to her knowledge of appellant's *reputation* in the community and not as to her *general* reputation.

The contention is also made that the witness's means of knowledge, as shown by her cross-examination, was insufficient to permit her to base an answer that appellant's reputation was bad.

The witness, before stating on direct examination that appellant's reputation was bad, testified that she knew her reputation in the community where she resided. On cross-examination she stated that she had discussed appellant's reputation with two named individuals.

In the early case of Davis v. State, 23 S.W. 684, this court held that it is not necessary that one be personally acquainted with another in order to speak as to his or her general reputation and that if the witness knows of such reputation his testimony is admissible.

While the inquiry should have been limited to appellant's general reputation *in the community*, such was not the ground of appellant's objection to the testimony, the objection being that the witness had testified she did not know appellant. No objection was made by appellant to the witness's testimony on the ground that her means of knowledge was insufficient upon which to base her statement that appellant's reputation was bad.

Appellant also urges as reversible error, for the first time, on rehearing, the court's action in permitting state's counsel to bring out on cross-examination of her sister, Ester Shivers, that the witness had been divorced from one Willie O'Dell Mays, some three or four weeks before the trial.

In support of her contention, appellant relies upon the decisions of this court, primarily in prosecutions for rape, that proof of prior marriages and divorces *of the accused* is not admissible unless such evidence tends to solve some disputed issue in the case.

While in Burnett v. State, 162 Tex.Cr.R. 1, 280 S.W.2d 260, we held it not error to exclude similar testimony, we have concluded that its admission in the present case—standing alone—does not constitute reversible error. Henderson v. State, 49 Tex.Cr. R. 269, 91 S.W. 569.

Remaining convinced that a proper disposition was made of the case on original submission, and no reversible error appearing, the motion for rehearing is overruled.

Opinion approved by the Court.

MORRISON, Judge (dissenting).

## ON APPELLANT'S MOTION FOR REHEARING

As stated in the majority opinion on rehearing, the question of the cross-examination of appellant's sister is raised by brief and in argument for the first time. I am convinced that reversible error is reflected thereby. Her sister was a principal defense witness, and she was asked and required to answer over objection that she had recently been divorced. That question has recently been discussed by this Court in Burnett v. State, 162 Tex.Cr.R. 1, 280 S.W.2d 260. There, we held that the trial court correctly excluded exactly the same testimony which the majority now hold not to constitute reversible error. The inconsistency is apparent. If the trial court ruled correctly in Burnett, then the court erred in this case. Sample v. State, 158 Tex.Cr.R. 200, 254 S.W.2d 401, and the cases there cited support the position I here maintain since the proof of the divorce did not tend to solve any disputed issue in the case.

I respectfully dissent.